**Paul Handy NUNLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6407.**

United States Court of Appeals
Tenth Circuit.

Oct. 18, 1960.

John J. Gaudio, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., and John M. Amick, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

In this proceeding under 28 U.S.C.A. § 2255, Nunley seeks relief from a sentence imposed upon him after pleading guilty in the United States District Court for the Western District of Oklahoma, to offenses involving the sale of narcotics in violation of 18 U.S.C.A. § 371, 26 U.S.C.A. § 4704(a), and § 4705(a). The petitioner alleges that he was not mentally competent to enter the plea of guilty and that he was not adequately represented by counsel at the time of the entry of the plea and the sentence.

The question of insanity or the competency of defendant to enter a plea

of guilty was not presented to the trial court and is raised for the first time by this motion. We have repeatedly held that a conviction may not be collaterally attacked on the ground that the prisoner was insane at the time of the commission of the offense or at the time of conviction. Jude v. United States, 10 Cir., 262 F.2d 117, certiorari denied 359 U.S. 960, 79 S.Ct. 800, 3 L.Ed.2d 767; Gordon v. United States, 10 Cir., 250 F.2d 676; Hahn v. United States, 10 Cir., 178 F.2d 11. In Ellis v. United States, 274 F.2d 52, we said, "If, in fact, the appellant was or is now mentally incompetent adequate remedy lies in the provisions of 18 U.S. C.A. § 4245." In the Gordon case it was said [250 F.2d 678]: "The language of this section is too clear to leave any doubt that the only remedy such a one has is the remedy provided for in Section 4245. All the cases so hold and citation of authorities is deemed unnecessary."

At the time of arraignment, Nunley advised the court that he had employed private counsel who, for some unknown reason, was not present. Arraignment was delayed to permit defendant to get in touch with his attorney. Later in the day the court was advised that Nunley desired an attorney, and one was appointed for him. After a conference with the court-appointed attorney, a plea of guilty was entered. Prior to the plea, the defendant was very carefully advised as to the effect of a plea of guilty and the penalties which might be imposed. He was specifically asked if he waived the presence of his own attorney and whether the appointed attorney was satisfactory to him.[1] The defendant answered that he would waive the presence of his attorney and that he was satisfied with the court-appointed attorney. When sentence was pronounced, approximately one month after the plea of guilty, no attorney was present representing Nunley. The Court fully advised the defendant as to his right to have an attorney present, and sentence was entered only after defendant told the Court that he desired to waive the presence of counsel and had signed a written waiver to that effect.[2]

■■ While it is true that a defendant in a criminal case is entitled to be represented by competent counsel at every stage of the proceedings, which includes sentencing, this is a personal right which the accused may waive. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Willis v. Hunter, 10 Cir., 166 F.2d 721, certiorari denied 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1772; Caldwell v. Hunter, 10 Cir., 163 F.2d 181, certiorari denied 333 U.S. 847, 68 S.Ct. 649, 92 L.Ed. 1130; Batson v. United States, 10 Cir., 137

1. At the arraignment, the court questioned defendant as follows:
"The Court: * * * I will ask, are you satisfied with Mr. Buck Cargill, your attorney at this time, notwithstanding your own attorney isn't here present?
"Defendant Nunley: That's right.
"The Court: He is perfectly satisfactory with you?
"Defendant Nunley: Yes, Sir.
"The Court: You don't ask the Court to wait until your attorney comes?
"Defendant Nunley: No.
"The Court: You waive that?
"Defendant Nunley: Yes.
"The Court: All right, thank you, Mr. Cargill."

2. When the defendant appeared for sentencing, the following proceedings were had:

"The Court: Do you want to wait and get ahold of your regularly appointed attorney? Which one of you is Nunley?
"Defendant Nunley: I am.
"The Court: What do you want to do?
"Defendant Nunley: I will waive it.
"The Court: You waive your attorney being here?
"Defendant Nunley: Yes, Sir.
"The Court: Mr. Cargill and also Mr. Wheeling, was it Mr. Wheeling?
"Mr. Camp: Yes, Sir.
"The Court: You waive Mr. Wheeling being here too?
"Defendant Nunley: Yes, Sir.
"Mr. Camp: You are satisfied to proceed without them?
"Defendant Nunley: That's right.
"Mr. Camp: Would you sign a waiver of counsel form then, sign your full name on this line?"
(Mr. Camp was an Assistant United States Attorney.)

F.2d 288; Creel v. Hudspeth, 10 Cir., 110 F.2d 762. We think the record and files disclose that Nunley was represented by competent counsel at the arraignment and that he competently and intelligently waived the presence of counsel at the time of sentence.

Affirmed.