**Paul Handy NUNLEY, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 6771.

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1961.

Marilyn L. Wilde, Denver, Colo. (John E. Wagner, Oklahoma City, Okl., was on the brief), for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., was on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

On his plea of guilty appellant Nunley was sentenced to consecutive terms totaling 30 years for various narcotic offenses. For the second time he seeks relief under 28 U.S.C. § 2255. On his first application he contended that he was not mentally competent at the time of the entry of the guilty plea and that he was not represented by competent and effective counsel. This court affirmed the trial court's denial of relief and held that the conviction could not be collaterally attacked on the ground of insanity at the time of the commission of the offense or at the time of conviction; that he was represented by competent counsel at the time of arraignment; and that he competently and intelligently waived counsel at the time of the sentence.[1]

Nunley now seeks relief on the ground that the trial court failed to make a determination that the guilty plea was made voluntarily and, hence, violated Rule 11, F.R.Crim.P., 18 U.S.C.A. As the sentencing judge died prior to the filing of the second § 2255 motion, it was heard by another judge who appointed an attorney for Nunley and who conducted a hearing at which Nunley testified. The court entered comprehensive findings of fact specifically stating that the guilty plea was made voluntarily, intelligently, and with understanding of the nature of the charges. These find-

1. Nunley v. United States, 10 Cir., 283 F.2d 651.

ings are supported by substantial evidence and are not clearly erroneous.

Nunley, who had four prior felony convictions, consulted with four attorneys before entering his plea. Over 30 days intervened between the entry of the plea and the sentence. During that period Nunley made no effort to change his plea. The transcript of the arraignment and sentencing proceedings shows that Nunley was advised of the nature of the charges and of the possible penalties. In response to a question of the court as to whether he wanted to plead guilty he replied, "Plead guilty." His court-appointed counsel, whom this court has previously held to have represented him competently and effectively, said that Nunley wanted to plead guilty. While the sentencing court made no express determination that the guilty plea was entered voluntarily, it adequately appears that Nunley knew the nature of the charges, did not act under any coercion, promises or threats, understood the possible penalties, and was well aware of the entire situation in which he was placed.

Rule 11 does not require any ritualistic ceremonial.[2] A sentencing court does not have to conduct a hearing and make a finding showing compliance with the rule before accepting any guilty plea. If there is any aspect of the situation which suggests that the requirements of the rule are not satisfied, appropriate inquiry must be made. That is not the case here. The accused, experienced in the ways of criminal proceedings and represented by able counsel, was properly advised of the charges and the consequent possibilities. This is not a case like United States v. Lester, 2 Cir., 247 F.2d 496, where the accused was not represented by counsel and where the judge to whom application for relief was made failed to ascertain whether the guilty plea was entered in compliance with the rule. Here the trial court held "a thorough hearing in which it was abundantly proved that the defendant's plea was made with knowledge and volition." [3]

Affirmed.

2. Cf. United States v. Davis, 7 Cir., 212 F.2d 264, 267.

3. Gundlach v. United States, 4 Cir., 262 F. 2d 72, 76, certiorari denied 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255. See also Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, certiorari denied 358 U.S. 847. 79 S.Ct. 74, 3 L.Ed.2d 82, and United States v. Swaggerty, 7 Cir., 218 F.2d 875, certiorari denied 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282.