Ralph Bryan ELLISON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7321.

United States Court of Appeals
Tenth Circuit.

Nov. 26, 1963.

R. Sterling Ambler, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT, LEWIS, BREITENSTEIN, HILL, and SETH, Circuit Judges.

PER CURIAM.

Appellant is here for the third time seeking relief from a sentence imposed for narcotic violations. See Ellison v. United States, 10 Cir., 263 F.2d 395, and Ellison v. United States, 10 Cir., 283 F.2d 489, certiorari denied 365 U.S. 885, 81 S.Ct. 1038, 6 L.Ed.2d 196. The present proceeding under 28 U.S.C. § 2255 is based on the previously unasserted claim that the appellant was mentally incompetent at the time of his plea of guilty. The trial court denied relief without a hearing.

Whatever doubt may have existed after Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, over the right of a petitioner to claim in a § 2255 proceeding that a guilty plea was not made voluntarily and knowingly, was removed by Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. When such a claim is presented it may not be denied without a hearing. In exercising its discretionary powers to direct the form and extent of the hearing the trial court is governed by the admonitions appearing in Machibroda, 368 U.S. at pp. 495–496, 82 S.Ct. 514, 7 L.Ed.2d 473, and in Sanders, 373 U.S. at pp. 20–23, 83 S.Ct. 1079–1081, 10 L.Ed.2d 148.

Reversed and remanded for further proceedings in conformity with the views here expressed.