Paul Handy **NUNLEY**, Appellant,

v.

**J. C. TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7567.

United States Court of Appeals
Tenth Circuit.

April 8, 1964.

Albert E. Zarlengo, Jr., Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the District of Kansas, denying petitioner's application for a writ of habeas corpus without a hearing. The substance of the petition is contained in an allegation that petitioner was mentally incompetent at the time of the entry of his plea of guilty and at the time of imposition of sentence. He further alleges that the Government had notice of his mental incompetency. The Kansas Court denied the application for a writ of habeas corpus for the reason that petitioner had an adequate and effective remedy under the provisions of 28 U.S.C. § 2255. The ruling is manifestly correct and the judgment is affirmed.

We note, however, that petitioner had earlier sought relief under 28 U.S.C. § 2255 by motion directed to the sentencing court in the Western District of Oklahoma, and had been denied relief upon the ground that § 2255 was not an available remedy to test the mental capacity of the defendant under such circumstances. That judgment was af-

firmed by this court in Nunley v. United States, 10 Cir., 283 F.2d 651. To the extent that our decision in that case holds that § 2255 is not an available remedy, it has been overruled by subsequent decisions of this court and is no longer the law in this Circuit. See: Nipp v. United States (10 CA), 324 F.2d 711; and Ellison v. United States (10 CA), 324 F.2d 710. And see: Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

In view of these decisions, petitioner is free to again present a motion under § 2255 to the sentencing court for a hearing, based upon a claim that he was mentally incompetent to enter a plea of guilty or stand trial, and that the Government had reason to know of such incapacity.

Affirmed.