**Paul Handy NUNLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7844.**

United States Court of Appeals
Tenth Circuit.

Dec. 14, 1964.

---

John C. Niemeyer, Oklahoma City, ·Okl., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him ·on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is the latest of a series of unmeritorious attempts by appellant to ·obtain post-conviction relief from sentences imposed after the entry of pleas ·of guilty to each of five counts of an indictment charging violations of federal narcotic laws. See Nunley v. United ·States, 10 Cir., 283 F.2d 651; Nunley v. United States, 10 Cir., 294 F.2d 579, cert. denied, 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527; Nunley v. Chandler, 10 ·Cir., 308 F.2d 223; Nunley v. Taylor, 10 ·Cir., 330 F.2d 611. By motion purport-·edly filed under Rule 35, Fed.R.Cr.P., ·and broadened by the trial court for consideration under 28 U.S.C. § 2255, he now asserts that his judgment of conviction is void because the name of the purchaser to whom he sold narcotics is neither set out in the indictment nor does it appear elsewhere in the record. Relief was denied by the trial court and we affirm.

An indictment is sufficient that does not name the purchaser or transferee when otherwise patently charging a violation of applicable narcotic laws. Clay v. United States, 10 Cir., 326 F.2d 196, cert. denied, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050; McDowell v. United States, 10 Cir., 330 F.2d 920, cert. denied, 377 U.S. 1006, 84 S.Ct. 1944, 12 L.Ed.2d 1055; Casias v. United States, 10 Cir., 331 F.2d 570; Flores v.

United States, 10 Cir., 338 F.2d 966, filed Dec. 1, 1964.

The nebulous claim that because the record does not elsewhere reflect the name of the purchaser or transferee and thus may potentially expose appellant to the constitutional prohibition against double jeopardy is similarly without merit. It is the judgment of conviction that constitutes the bar to further prosecution, Martin v. United States, 10 Cir., 285 F.2d 150, cert. denied, 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816; Casias v. United States, supra; Flores v. United States, supra; and such judgment constitutes a bar to any prosecution that was or could have been embraced within the charge of the indictment. Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097; Turf Center, Inc. v. United States, 9 Cir., 325 F.2d 793. And see Korholz v. United States, 10 Cir., 269 F.2d 897, cert. denied, 361 U.S. 929, 880 S.Ct. 367, 4 L.Ed.2d 352.

Affirmed.