**Paul Handy NUNLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8741.**

United States Court of Appeals
Tenth Circuit.

Aug. 3, 1966.

Leonard E. Davies, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before LEWIS, JONES *, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

For the sixth time appellant is before us seeking post-conviction relief. See Nunley v. United States, 10 Cir., 283 F.2d 651; Nunley v. United States, 10 Cir., 294 F.2d 579, cert. denied 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527; Nunley v. Chandler, 10 Cir., 308 F.2d 223; Nunley v. Taylor, 10 Cir., 330 F.2d 611; and Nunley v. United States, 10 Cir., 339 F.2d 442. In his pending application under 28 U.S.C. § 2255 he asserts that he was mentally incompetent at the time of his guilty plea. The district court denied the application without a hearing.

We pointed out in Nunley v. Taylor, supra, that, because of the exclusiveness of the § 2255 remedy, the claim of mental incompetence at time of plea could not be raised in a habeas corpus action against the warden of the penitentiary where the appellant was confined; and, after calling attention to our decisions in Nipp v. United States, 10 Cir., 324 F.2d 711, and Ellison v. United States, 10 Cir., 324 F.2d 710, we said that appellant was free to raise the mental incompetency question in a subsequent § 2255 proceeding. Nipp and Ellison hold that when one of the grounds asserted for relief under a § 2255 motion is mental incompetence at the time of a guilty plea, the matter may not be disposed of without a hearing. This principle was reasserted in McDonald v. United States, 10 Cir., 341 F.2d 378, and in Butler v. United States, 10 Cir., 361 F.2d 869. No further comment is required. Appellant is entitled to the evidentiary hearing which he seeks on his claim of mental incompetency at the time of plea.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

---

* Of the Fifth Circuit, sitting by designation.