**Chester A. SCHUTZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 152–70.**

United States Court of Appeals, Tenth Circuit.

Oct. 6, 1970.

Rehearing Denied Nov. 13, 1970.

Michael H. Jackson, Denver, Colo., for appellant.

Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

Appellant Schutz was convicted on a two count indictment charging him with entering a bank with intent to commit a felony in violation of 18 U.S.C. § 2113 (a), and taking deposits from the bank with intent to steal in violation of 18 U.S.C. § 2113(b). Schutz directly appealed to this court, and his conviction

was affirmed.[1] Schutz now seeks to collaterally attack his conviction by motion pursuant to 28 U.S.C. § 2255. The trial court denied his motion without a hearing and Schutz takes this appeal.

The facts are fully set out in our earlier opinion and need not be again detailed. It is sufficient to relate that evidence was introduced at Schutz' trial which was obtained by state law enforcement officers in the course of two searches. The first search took place in Austin, Texas, and it was conducted pursuant to a warrant. The purpose of the search was to discover narcotic drugs on the premises of Schutz' residence in Austin. In the course of the search, a Texas narcotics agent came upon two satchels containing tools which could be used as burglar's tools. The agent put identifying marks on the tools and satchels, but did not seize them or remove them from the premises. Subsequently, the tools were found near the bank vault in the bank which Schutz was charged with burglarizing. At Schutz' trial the Texas narcotics agent identified the tools as the same items he had observed in Schutz' residence in Austin. The second search took place in Wichita, Kansas, and it also was conducted pursuant to a warant. The warrant was issued on the basis of an affidavit by a police officer outlining the circumstances which led him to believe that the offense of possession of burglar's tools was being committed and that the instrumentalities and fruits of burglarious activities would be found on the described premises.

██ On this appeal, Schutz' first contention is that the two searches were illegal and that the fruits of those searches were impermissibly allowed into evidence at his trial. There is no question but that the unconstitutionality of a search and seizure forms the basis for a proper collateral attack under 28 U.S.C.

§ 2255.[2] However, Schutz' contention that the Texas and Kansas searches were illegal was a point fully considered and rejected by this court on direct appeal, and ordinarily that would preclude our consideration of the same issue again in section 2255 proceedings.[3] But since Schutz argues that our decision is in conflict with the Supreme Court's subsequent decision in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and since we are loathe to accord Schutz anything but a full measure of justice, we will briefly examine that issue again.

██ Schutz' basis for contending that the respective search warrants were illegal is that the affidavits submitted in application for the search warrant did not demonstrate probable cause for issuing the warrants. With regard to the Texas warrants, the affidavit stated among other things that the affiant had received information from a reliable informant that Schutz was selling and using heroin and had just returned from San Antonio, Texas, where he had purchased a large quantity of heroin. The affiant also added that a large number of known addicts had been observed coming and going from Schutz' residence.

We believe that, consistent with the dictates of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the information concerning Schutz' sale and use of heroin and his trip to San Antonio provided the magistrate with some of the underlying circumstances from which it was concluded that narcotics were on the premises. While it is true that the affidavit only baldly stated that the informant was reliable, there remains the fact that a large number of heroin addicts were observed going and coming from Schutz' residence. This fact, we think, corroborates the informant's tip and substantially reinforces the

---

1. Schutz v. United States, 395 F.2d 225 (10th Cir. 1968); cert. denied 394 U.S. 946, 89 S.Ct. 1279, 22 L.Ed.2d 479 (1969).

2. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

3. Palmer v. United States, 249 F.2d 8 (10th Cir. 1957); See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

conclusion that narcotic drugs were on the premises. Thus having looked to the other parts of the application for the warrant and having found information which permits the suspicions engendered by the informant's report to ripen, we have followed rather than transgressed the Supreme Court's decision in Aguilar v. Texas, supra, as it is further explicated in that Court's decision in Spinelli v. United States, supra.

Likewise we believe that the Kansas search warrant issued to Kansas peace officers was valid. The Kansas warrant was procured on the basis that there was probable cause to believe that the offense of possession of burglar's tools was being committed and that the fruits and instrumentalities of burglarious activities were on the described premises. Schutz urges that the warrant was invalid because the tools described in the application for the warrant were not burglar's tools within the meaning of K.S.A. 21–2437. We cannot agree with this argument because in the first place K.S.A. 21–2437 does not seek to enumerate what tools are burglar's tools. Rather, the statute defines the criminal offense of possessing burglar's tools. Under the Kansas statute and case law any tool may be a burglar's tool if it is useful for breaking and entering; and furthermore, it is a criminal offense if such tools are possessed with the requisite intent that they be employed "in the course of burglarious episodes, whenever and wherever opportunity might present itself." [4] In so stating this, we need only add that the affidavit in support of the Kansas search warrant elaborated, 1) the affiant's personal observation of Schutz with tools which could be used for breaking and entering; and 2) occasions when Schutz was engaged in burglarious activities including visits to the scenes of burglaries in advance of the actual burglaries. Hence we believe that the affidavits properly set out facts sufficient to formulate

the necessary probable cause to believe that within the described cars and residence there would be found burglar's tools and the fruits of burglarious activities.

Schutz' next contention is that the Texas officers exceeded their authority under the Texas warrant when one of them placed identifying marks on the tools found in the satchels. This contention was likewise treated in our earlier opinion where we remarked that the tools which were marked were burglar's tools and hence the police had authority even as to seize them. Appellant now seeks to circumvent our previous conclusion on this contention by arguing that the tools were not burglar's tools as defined by Vernon's Ann. Texas Penal Code, Article 1402b. However, this argument is faulty and does not advance appellant's basic contention.

Article 1402b of the Texas Penal Code, like the Kansas statute previously discussed, does not define the term "burglar's tools" as appellant seems to believe; the statute defines the criminal offense of possession of burglar's tools.[5] Had the officer arrested Schutz for posission of burglar's tools, perhaps appellant would now have a genuine argument whether the policeman had probable cause to believe that the elements of the offense set out in Article 1402b had been committed. But the plain fact of the matter is that the police officer did not arrest Schutz. He did not even seize the tools, but merely marked them. He was validly on the premises acting under a warrant to search for narcotics; he appropriately opened the satchels in the course of his search and discovered the tools. Now if it can be said that the officer was properly on the premises and properly examining the contents of the satchels, it can hardly be argued that by marking the tools the officer did more than theoretically transgress upon

---

4. State v. Hart, 200 Kan. 153, 434 P.2d 999, 1004 (1968).

5. In this regard, note our previous opinion in this case, Schutz v. United States, 395 F.2d 225 at 228 (10th Cir. 1968).

Schutz' possessory right in the tools.[6] Even granting that marking the tools was a technical trespass, it is inconceivable that this action rises to the level of a constitutional violation. For when the facts are added together and weighed this situation is no different than if the police officer had discovered the tools under the same circumstances, noticed a peculiar identifying scratch on the tools, and at a subsequent trial identified the tools from the scratches. Obviously, in the supposed instance, the officer has not exceeded his authority and violated a constitutional right; consequently we do not believe that in our case, the officer's act of placing identifying marks on the tools amounts to a constitutional violation warranting relief under section 2255.

■ This brings us to Schutz' next contention that the "entering" offense charged in the first count of the indictment merged with the "taking" offense charged in the second count, so that it was not proper for him to be convicted and sentenced on both counts. We agree that a violation of 18 U.S.C. § 2113(a) for entering the bank with intent to steal merges with the crime of larceny under subsection (b) of section 2113 when the latter offense is consummated.[7] Accordingly, the conviction for entering with intent to steal is vacated. But since Schutz was given a ten year sentence on both counts to be served concurrently, the judgment and sentence need not be disturbed. It is well established that if

a sentence does not exceed that which might lawfully be imposed upon any one valid count, the judgment and sentence remain in full force and effect regardless of the disposition of the other counts.[8]

■ Lastly, appellant collaterally attacks his conviction on the grounds that he was under the influence of the narcotic heroin and was suffering from withdrawal during his trial. Hence, he claims that he was unable in any way to assist with his defense. The trial judge denied Schutz' motion without a hearing for the reason that this was not a proper ground for collateral attack. However, we have held to the contrary that incompetency at the time of pleading or trial constitutes grounds for relief in proceedings pursuant to a motion under section 2255.[9] Since there are underlying facts alleged concerning Schutz' addiction to heroin which makes his claim of incompetency something more than a bald conclusory statement, and since the files and records in this case do not conclusively refute appellant's claim, an evidentiary hearing must be held to determine whether Schutz was incompetent at the time of his trial.[10]

The order of the trial court is affirmed on all of the points raised by appellant except the issue of mental competency at the time of trial. As to that issue only, the case is remanded with directions to conduct an evidentiary hearing, to make findings of fact pertinent to that issue and to enter an appropriate order thereon.

6. The markings on the tools did not in any way deprive Schutz of the use of the tools. In fact, the whole point of marking the tools was that Schutz would continue to use them, and should he use them in burglarious activities, they could be easily traced back and linked to him.

7. Prince v. United States. 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Cf. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966).

8. Glazerman v. United States, 421 F.2d 547 (10th Cir. 1970); Romonito v. United States, 400 F.2d 618 (10th Cir. 1968);

Marteney v. United States, 218 F.2d 258 (10th Cir. 1955).

9. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967); Butler v. United States, 361 F.2d 869 (10th Cir. 1966); Nunley v. United States, 364 F.2d 825 (10th Cir. 1966); McDonald v. United States, 341 F.2d 378 (10th Cir. 1965).

10. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Sciberras v. United States, 404 F.2d 247 (10th Cir. 1968).