**Billy Mason ESKRIDGE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 158–70.**

United States Court of Appeals, Tenth Circuit.

June 7, 1971.

James W. Creamer, Jr., Denver, Colo. (Flowers & Creamer, Denver, Colo.,

were on the brief), for petitioner-appellant.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., on the brief; Will Wilson, Asst. Atty. Gen., and Theodore George Gilinsky and Michael C. Slonsky, Attys., Dept. of Justice, joined them on the petition for rehearing en banc), for respondent-appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

We have considered a petition for rehearing en banc and motion to supplement the record on appeal. While the Court has concluded that rehearing en banc is not justified, the panel which heard the appeal has concluded that there is merit to the Government's position. The motion to supplement the record was not opposed and we grant that motion and have considered the supplemental record. For reasons that will be detailed below, we conclude that our original opinion, which remanded for a hearing on competency at the time of entry of pleas of guilty, should be withdrawn and this opinion is filed as the opinion of the Court. We affirm the order of the trial court denying appellant's petition to set aside the pleas and convictions collaterally attacked.

The record reveals these facts. In December, 1966, and January, 1967, appellant Eskridge pleaded guilty to five charges of causing to be transported in interstate commerce falsely made and forged securities, consisting of forged checks, in violation of 18 U.S.C. § 2314. In January, 1970, he petitioned for habeas relief in the sentencing court, asking that his sentences in the five cases be set aside on grounds of incompetency at the time of the pleas, inadequacy and bias of his appointed counsel against

him, and interrogation without required warnings or access to counsel. The trial court treated the petition as one for habeas corpus or as a motion to vacate the sentences pursuant to 28 U.S.C. § 2255. On consideration of the files and records and the Government response, the Court denied relief without an evidentiary hearing and this appeal followed.

Appellant argues that he was entitled to an evidentiary hearing on his claim of incompetency at the time of his pleas and sentencings. His *pro se* petition alleged that at the time of arrest and trial he was not responsible for his actions due to his overriding emotional state as stated by the doctors of an Oklahoma City psychiatric clinic. The Government response stated that at an appearance by appellant in November, 1966, in the first case filed, appellant's counsel stated that appellant had said he had been under psychiatric care and treatment for schizophrenia. Our record as supplemented contains a transcript of these proceedings at which time the Court entered a not guilty plea for appellant and ordered a psychiatric examination under 18 U.S. C. § 4244.

The report of the psychiatric examination stated that appellant has an antisocial personality; that he was not insane and understood the consequences of his act and knew right from wrong at the time of the alleged offenses from May, 1966, until the time of the examination; that he fully understands the proceedings against him and is able to be of adequate assistance in his own defense; that he was considered competent and not psychotic, but totally lacking in a sense of responsibility, judgment and any ability to profit from past experiences. The report recommended confinement in an institution where psychiatric treatment could be undertaken over a prolonged period.[1]

---

1. The psychiatrist concluded:
   * * * "I do not see this individual functioning in society without continuing a repetitious type of pattern which has been so evident the past several years. I further consider that any effective treatment

is most likely to end with a poor prognosis. This individual comes from an emotionally deprived background and is really lacking in factors necessary for a mature development of his personality."

In the first case involved the trial court notified the parties that a hearing was set in regard to appellant's mental competency and evaluation, forwarding a copy of the report with the letter notifying counsel of the hearing. The transcript shows that appellant and his court appointed counsel appeared at the time scheduled for the hearing. The Assistant United States Attorney stated he had prepared an order pursuant to the psychiatric report; that counsel stipulated that the report could be admitted into evidence; that the order finds the defendant was sane and understood the consequences of his act and knew right from wrong at the time of the alleged offenses; and that he understood the nature of the charges and was able to assist counsel and was fully competent to plead and stand trial. This order, thus outlined before appellant in court, was there agreed to by his counsel who advised the Court that it was in conformity with the psychiatric report.

The trial court entered the agreed order of "Adjudication of Competency." The Court also directly addressed the defendant concerning his plea and, after inquiries of appellant, accepted the plea of guilty in that case. The remaining pleas were entered at subsequent arraignments following within a few weeks.

■ Appellant argues that he is nevertheless entitled to a hearing in view of his allegation of mental incompetency at the time of his plea. It is true that such averments may very well call for a hearing under our decisions. See Butler v. United States, 361 F.2d 869 (10th Cir.); Schutz v. United States, 432 F.2d 25 (10th Cir.); Kienlen v. United States, 379 F.2d 20 (10th Cir.); Nunley v. United States, 364 F.2d 825 (10th Cir.); Ellison v. United States, 324 F. 2d 710 (10th Cir.); and Nipp v. United States, 324 F.2d 711 (10th Cir.). Moreover a finding made solely on a report pursuant to 18 U.S.C. § 4244 does not supplant such a hearing since

"[t]he appellant is entitled to an opportunity to cross examine those doctors and to present evidence of his own as to his mental condition." Butler v. United States, supra, 361 F.2d at 870.

■ However, the record now before us shows the setting of an adversary hearing and appearance of appellant with counsel therefor. And it shows agreement, known to appellant, that the psychiatric report finding appellant competent for trial be received in evidence, as well as showing the Court's finding of appellant's competency to plead and stand trial. Under such circumstances we are satisfied that the protection of an adversary proceeding was clearly offered to appellant, and that the requirement of the opportunity therefor under Butler v. United States was fully satisfied. Furthermore, appellant now alleges no new facts on the issue and refers back to the same psychiatric report. Therefore we feel that the trial court was justified in denying relief on the competency claim without a hearing in view of the record before him. See Floyd v. United States, 365 F.2d 368, 379 (5th Cir.) (dictum); Krupnick v. United States, 264 F.2d 213, 217 (8th Cir.) (dictum).

We note that appellant earlier contended on this appeal that he had been prejudiced by the refusal of copies of the transcripts of proceedings, the psychiatric report and the "Adjudication of Competency" order for use on the appeal. However, the supplemental record obtained by the Government contains these matters. This record was made available to appellant's counsel in connection with the petition for rehearing and motion to supplement the record and he has since responded for appellant. Thus this contention is made moot.

■ Appellant complains also of allegedly unlawful interrogation without the required warnings or access to counsel. His averments are that he was arrested on November 7, 1966, and held in

the Tulsa County jail for four days without assistance of counsel; that questioning occurred during this time by FBI agents and Tulsa County police officers; that he was not allowed to call counsel and was not advised he could remain silent; and that counsel was not appointed until his arraignment on November 22, 1966. However, there is no claim of any confession or statement having been obtained or used against him in any way. In such circumstances we agree with the trial court that the allegations were insufficient. The principles relied on protect against statements or confessions which are obtained in violation of constitutional safeguards and not volunteered. Escobedo v. Illinois, 378 U.S. 478, 491, 84 S.Ct. 1758, 12 L. Ed.2d 977; Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694; Davenport v. United States, 274 F.Supp. 944, 952 (C.D.Cal.). We agree that without more the trial court was fully justified in denying relief on this claim.

■ Appellant argues that his allegation of inadequacy of counsel entitled him to a hearing. His petition stated that his court appointed counsel was incompetent in criminal matters and acted with bias toward him. The trial court concluded that the petition, the files and records conclusively showed that appellant was entitled to no relief. We agree. There is no allegation as to any particular in which the representation was inadequate and the conclusory averment imposed no obligation for a hearing. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148; Anderson v. United States, 367 F.2d 553 (10th Cir.), cert. denied, Reese v. United States, 386 U.S. 976, 87 S.Ct. 1172, 18 L.Ed.2d 137; Hilliard v. United States, 345 F.2d 252 (10th Cir.).

We agree that the trial court was justified in denying the petition on the ground that the files and records conclusively showed that appellant was not entitled to relief on the allegations made.

Affirmed.