949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Owen WILLIAMSON, Jr., Defendant-Appellant.
 No. 91-5103.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Charles Owen Williamson, Jr., appeals from the denial of his 28 U.S.C. § 2255 habeas corpus petition. We AFFIRM substantially for the reasons set forth in the attached district court order. United States v. Williamson, No. 87-CR-138-C, unpub. order (N.D.Okla. June 26, 1991).
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF OKLAHOMA
 
 3
 United States of America, Plaintiff,
 
 
 4
 vs.
 
 
 5
 Charles Owen Williamson, Jr., Defendant.
 
 No. 87-CR-138-C
 
 6
 June 26, 1991.
 
 ORDER
 
 7
 Before the Court is the defendant's "traverse" to the Report and Recommendation of the United States Magistrate Judge, in which defendant's motion pursuant to 28 U.S.C. § 2255 was recommended to be denied in part and set for evidentiary hearing as to the remainder.
 
 
 8
 Three issues are raised by the motion: (1) ineffective assistance of counsel; (2) movant was mentally incompetent at the time he entered his guilty plea, and (3) selective prosecution. Each issue will be addressed in turn.
 
 
 9
 Regarding ineffective assistance of counsel, the Magistrate Judge correctly set forth the two-part test of Strickland v. Washington, 466 U.S. 668 (1984), that movant must show both that his attorney's performance fell below an objective standard of reasonableness and that, but for the counsel's inadequacies, the result of the proceedings would have been different. See Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.1991). The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Initially, the Court must determine if a counseled guilty plea is based on advice which "[is] within the range of competence demanded of attorneys in criminal cases." Id. at 56. The second part of the Strickland test is met if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59. Defendant asserts that his court-appointed counsel should have raised defendant's documented mental conditions as a defense. The Magistrate Judge recommended denial of this aspect of the motion, based solely on the record. It is true that conclusory allegations cannot satisfy the prejudice prong of Strickland. See United States v. Mealy, 851 F.2d 890, 908 (7th Cir.1986). Further, to receive an evidentiary hearing, movant must do more than make unsupported legal conclusions with no factual support. See Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971). The Magistrate Judge found it apparent from the transcript of the Change of Plea that defendant and his counsel had discussed the possible mental incompetency defense. Upon review of the record, the Court agrees. The decision not to present such a defense falls within the constitutionally protected independence of counsel to make tactical decisions. Further, there is insufficient evidence that the defense likely would have succeeded at trial. Hill, 474 U.S. at 59. See also Figueroa-Vazquez v. United States, 718 F.2d 511 (1st Cir.1983).
 
 
 10
 The Magistrate Judge recommended that a hearing be held as to defendant's mental competence at the time of entering the plea. The Court disagrees. A defendant's incompetency at the time of pleading constitutes sufficient grounds for relief under section 2255. See Schutz v. United States, 432 F.2d 25, 29 (10th Cir.1970), cert. denied, 401 U.S. 1002 (1971). An evidentiary hearing is required when the defendant's allegations of incompetence at the time of pleading amount to more than conclusory statements. See United States v. Gutierrez, 839 F.2d 648, 652 (10th Cir.1988); Nolan v. United States, 166 F.2d 522, 524 (10th Cir.1972). Here, defendant has merely repeated his past mental problems, which were fully explored at the plea hearing and which had exhibited themselves years prior to said hearing. Defendant presents no evidence of incompetence at the time of the plea. He signed under oath a petition to plead guilty which affirmatively stated that there was no question of competence. He also so stated under oath at the hearing, and his counsel joined in the statement. The plea record is not invariably an insurmountable barrier. See Gutierrez, 839 F.2d at 652. The court finds it so under the facts of this case.
 
 
 11
 Petitioner also suggests that the Court should now inquire into his competence at the time of the offense. By entering a plea of guilty, this defense was waived. United States v. Donohoe, 458 F.2d 237, 239 (10th Cir.), cert. denied, 409 U.S. 865 (1972).
 
 
 12
 Finally, the Magistrate Judge recommended denial of defendant's assertion of selective prosecution. Defendant has made no showing of discrimination based upon his alleged mental handicap. The court agrees with the Magistrate Judge's conclusion.
 
 
 13
 It is the Order of the Court that the Report and Recommendation of the United States Magistrate Judge is hereby affirmed in part and reversed in part. The motion of the defendant pursuant to 28 U.S.C. § 2255 is hereby denied.
 
 
 14
 /s3/4H. DALE COOK
 
 Chief Judge, U.S. District Court
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3