7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant.
v.
Lynn E. SCOTT, Defendant-Appellant.
 No. 93-1173.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant appeals the district court's denial of his motion for reconsideration of his motion to vacate, set aside, or correct sentence, 28 U.S.C. 2255. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 In February 1992, Defendant was convicted of one count of misapplication of bank funds in excess of $100.00, 18 U.S.C. 656, and was sentenced to thirteen months imprisonment to be followed by three years supervised release. The original indictment alleged that Defendant made two illegal transfers in the amounts of $100.00 and $243,138.00. The government subsequently filed a Notice of Election, electing to proceed on the basis of the $243,138.00 transfer alone. Defendant did not appeal his conviction. In July 1992, Defendant filed a motion under 28 U.S.C. 2255 which the district court denied. Defendant then filed a motion for reconsideration, or in the alternative, a notice of appeal. Upon notification from this court of a possible jurisdictional defect, Defendant voluntarily withdrew his appeal, and his motion for reconsideration remained before the district court.
 
 
 3
 In December 1992, Defendant failed to appear for a required supervised release hearing, and the district court issued a summons for his arrest. Defendant was subsequently convicted of violating the conditions of his supervised release and sentenced to eight months imprisonment.
 
 
 4
 In April 1993, Defendant filed a motion to amend his motion for reconsideration. The district court granted the motion to amend and then denied the motion for reconsideration as amended.
 
 
 5
 In his original 28 U.S.C. 2255 motion, Defendant raised the following four grounds for relief: (1) his conviction was invalid because the indictment was unconstitutionally broadened by amendment, (2) his conviction was invalid because the government failed to prove one of the elements of the charged offense, (3) he was denied effective assistance of counsel because defense counsel failed to ask a question, suggested by Defendant, of a government witness, and (4) he was denied effective assistance of counsel because counsel failed to object to the unconstitutional amendment of the indictment. The district court dismissed Defendant's motion, concluding that the indictment was not unconstitutionally amended and that the government had proven all elements of the offense. The court also stated that these two grounds for relief should have been raised on direct appeal. As to the ineffective assistance of counsel claims, the court concluded that they were "not supported by adequate factual allegations."
 
 
 6
 In Defendant's amended motion for reconsideration, Defendant raised four additional ineffective assistance of counsel claims. Without any factual support, Defendant claimed that he received ineffective assistance of counsel on the following bases: (1) ineffective pretrial preparation, (2) failure to object to the admission of prejudicial evidence, (3) failure to move for acquittal on the basis of insufficiency of the evidence, and (4) inappropriate closing argument. The district court denied the amended motion for reconsideration for the same reasons as those stated in the dismissal of Defendant's original 2255 motion.
 
 
 7
 On appeal, Defendant raises nine issues, four of which he raises for the first time on appeal. We only address those issues that were presented to the district court.[3] See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993) (grounds for relief not raised in 2255 motion to district court waived on appeal). Defendant's preserved issues include the following claims of ineffective assistance of counsel: (1) failure to object to the unconstitutional amendment of the indictment, (2) ineffective pretrial preparation, (3) failure to move for acquittal on the basis of insufficiency of the evidence, and (4) inappropriate closing argument. Defendant also claims that the district court erred in denying his 2255 motion without holding an evidentiary hearing.
 
 
 8
 To prevail on an ineffective assistance of counsel claim, a Defendant must show that counsel's performance was constitutionally inadequate and that counsel's inadequacy prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that the challenged actions of counsel reflect professionally reasonable strategic decisions. Id. at 689.
 
 
 9
 We reject Defendant's claim that he was denied effective assistance of counsel. First, we agree with the district court that counsel was not deficient for failing to object to the alleged broadening of the indictment. By granting the government's Notice of Election to proceed to trial only on the $243,138, the district court narrowed the scope of the indictment rather than broadening it. Because the narrowing of an indictment does not constitute an impermissible amendment, United States v. Miller, 471 U.S. 130, 145 (1985), defense counsel's failure to object to the election was appropriate.
 
 
 10
 We likewise reject Defendant's remaining claims of ineffective assistance of counsel because Defendant failed to present the district court with any evidence to support these claims.[4] Although we construe a pro se litigant's pleadings liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Because Defendant's remaining claims of ineffective assistance consist of merely conclusory allegations, the district court properly dismissed them. See id.
 
 
 11
 Defendant's final claim is that the district court erred in failing to hold an evidentiary hearing on his 2255 motion. We disagree. The district court is not required to hold an evidentiary hearing when a 2255 claim of ineffective assistance is based merely on conclusory allegations unsupported by specific facts. Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971). Because Defendant's allegations here are nothing more than conclusory, the district court did not err in failing to conduct an evidentiary hearing.
 
 
 12
 Defendant's motion for appointment of counsel to perfect appeal and for release pending appeal is DENIED. Because Defendant timely filed his opening brief, his motion for additional time to file an opening brief is DENIED as moot. The district court's dismissal of Defendant's amended motion for reconsideration of his motion under 28 U.S.C. 2255 is AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 Defendant raises the following claims for the first time on appeal which are therefore waived: (1) ineffective assistance of counsel for failure to introduce expert witness testimony in support of the defense, (2) ineffective assistance of counsel for failure to advocate Defendant's innocence, leading to the government's failure to prove certain elements of charged offense, (3) failure of the trial court to give the jury a limiting instruction, and (4) trial court error in using the word "transfers" instead of "transfer" while reading the indictment to the jury
 
 
 [4]
 Defendant has attempted, in his brief to this court, to present some facts in support of his allegations. However, because these factual allegations were not part of the record before the district court, we will not consider them. See Hunter v. Morton, 529 F.2d 645, 649 (10th Cir.1976) (affidavits not filed with district court cannot be considered on appeal)