**UNITED STATES of America,**

v.

**Damon Joe NELSON, Movant.**

**Civil Action No. 89–20081–05.**

United States District Court,
D. Kansas.

Oct. 31, 1997.

Leon J. Patton, Office of United States Attorney, Kansas City, KS, for U.S.

Honorable Thomas L. Boeding, Wyandotte County District Court, Kansas City, KS, for movant, Damon Joe Nelson.

Damon Joe Nelson, Greenville, IL, Pro Se.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 445), and his amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 469). Defendant has also filed a motion for appointment of counsel (Doc. # 446), and motion for discovery (Doc. # 474). Having reviewed all materials filed, together with pertinent portions of the record, the court makes the following findings and order.

### I. Factual Background.

Defendant was found guilty by a jury of Count I, conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. Defendant's conviction and sentence was affirmed in all respects on appeal, see United States v. Nelson, 941 F.2d 1213 (10th Cir.1991), cert. denied, 502 U.S. 1044, 112 S.Ct. 902, 116 L.Ed.2d 803 (1992). Defendant now seeks to challenge his sentence by this motion brought under 28 U.S.C. § 2255. Defendant alleges that his attorney, Thomas L. Boeding, was ineffective for (1) failing to permit movant to testify; (2) failing to subpoena witnesses; (3) failing to cross-examine co-defendants; and (4) failing to file a motion to suppress, failing to thoroughly cross-examine Detective Houze and Sergeant Dick, and failing to request a "voluntariness hearing" pursuant to 18 U.S.C. § 3501. Movant contends that the alleged errors of his trial counsel, both singly and collectively, were prejudicial and denied movant effective assistance of counsel. He seeks a new trial, or in the alternative, an evidentiary hearing.

### II. Discussion.

#### A. Standards for Ineffective Assistance of Counsel Claims.

■■ In reviewing a section 2255 petition, we presume the proceedings leading to the conviction were correct. Klein v. United States, 880 F.2d 250, 253 (10th Cir.1989). To obtain relief, defendant must show a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

The Tenth Circuit has recently reiterated the standards courts must employ in reviewing an ineffective assistance of counsel claim:

The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversarial process. The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.

Williamson v. Ward, 110 F.3d 1508, 1513–14 (10th Cir.1997) (quoting Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986) (citation omitted)). Evaluating the effectiveness of counsel's assistance requires a two-part inquiry.

*Id.* at 1514. "In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (quoting *Kimmelman,* 477 U.S. at 375, 106 S.Ct. at 2583 (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984))). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Furthermore, because there exists a strong presumption that counsel's performance falls within the wide range of professional assistance,

> the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.

*Id.* (quoting *Kimmelman,* 477 U.S. at 381, 106 S.Ct. at 2586 (internal quotations omitted) (citing *Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2064–65)).

### B. *Nelson's Ineffective Assistance of Counsel Claims.*

#### 1. *Counsel's failure to permit movant to testify.*

Defendant first contends his counsel was ineffective in the following respect:

> In this case, prior to and during trial, movant informed his trial counsel that he would like to testify on his own behalf so that he could present his version of the facts to the jury. However, counsel rested his case without securing movant's permission to do so.

Defendant's initial brief, at 8. Defendant claims when he asked his trial counsel why he was not allowed to testify, his counsel responded that there was no need for him to take the stand because (1) the government's case was weak; (2) defendant would be "torn apart" by the prosecutor; and (3) the prosecutor would bring up the fact that defendant had been in jail during two house raids. Defendant claims that at no time did he voluntarily waive his right to testify, but that the right was waived by counsel over defendant's objection. In a document entitled "Declaration of Damon Joe Nelson," defendant states: "After the presentation of the government's case, counsel waived my rights to testify." Defendant asserts that had he been permitted to testify, a "fair probability" exists that the jury would not have found him guilty of the conspiracy charge.

In response, the government submits the affidavit of Thomas Boeding, defendant's trial counsel. In his affidavit, Mr. Boeding states:

> I discussed with Damon Joe Nelson whether he should testify and advised him of the negatives and positives. I told him it was his decision whether to exercise his right to testify or not to testify, and that if he chose not to testify it could not be held against him. I thought then, as well as now, that it was not in his best interest to testify.
>
> I am aware that he now claims, in his motion under 28 U.S.C. § 2255, that I did not allow him to testify at trial, and told him that there was no need for him to testify because of (1) "the weakness of the government's case," (2) "that he would be torn apart by the prosecutor," and (3) "that the prosecutor would bring up the fact that [he] was in jail while two raids were going on." I do not recall whether I told him that he should not testify because of the weakness of the government's case. Again, my ability to respond to this is hampered by the passage of time. I probably did tell him the second and third stated reasons. The third reason—that cross-examination would point out the reason why he was not there during the execution of two of the three search warrants—was important because I did not want to endanger the jury's possible perception that he was not there much and therefore was not a co-conspirator. *Damon Joe Nelson ultimately chose not to testify, on my advice.*

Affidavit of Thomas L. Boeding, at 1–2 (emphasis added).

 The court is satisfied and finds, by a preponderance of the evidence, the facts as

recited in Mr. Boeding's affidavit to be true. Based on the evidence and in light of all the circumstances, we find defendant has not met his burden of proving that his counsel's representation in this regard was unreasonable under prevailing professional norms. Defendant has simply not overcome the presumption that his attorney's action (recommending that he not testify) constituted sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Moreover, defendant has failed to establish prejudice: the court concludes, based upon a thorough review of the trial record, that even had defendant testified, the evidence against defendant was so overwhelming that no reasonable probability exists that the result of the proceeding would have been different.

### 2. *Counsel's failure to subpoena witnesses.*

Defendant next asserts that his counsel did not interview and subpoena witnesses on his behalf. Specifically, defendant states that he requested that certain witnesses be investigated "to testify that movant was very seldom in Bonner Springs in mid 1988 and 1989, and that movant has never sold drugs from 223 N. Neconi Ave. or anywhere else, which would have refuted the government's allegations that movant sold drugs." Defendant's initial brief, at 10. He further claims that one potential witness, Steve Marshall, was particularly important to his defense because Marshall "could have refuted Detective Houze's and Sergeant Dick's statement that movant had told them that he sold drugs." *Id.* at 11.

In response to this contention, Mr. Boeding, through affidavit, avers that prior to trial, he talked with some, if not all, of the potential witnesses defendant names in his motion. He states that he remembers talking to potential witnesses, but did not learn of any testimony which he thought would be beneficial to defendant. He further states that much of the testimony these witnesses could have provided was brought out through cross–examination of other witnesses. Finally, Mr. Boeding avers that defendant "never indicated to me that the statement he made to Detective Dan Houze and Sergeant Jim Dick was inaccurate."

■ Defendant has not attached affidavits of any of these purported witnesses or any other evidence from them attesting to his contentions. In his traverse, defendant states that prior to filing his section 2255 motion, he sent affidavits to all of his proposed witnesses, but no affidavit has yet been returned to him for inclusion with his brief. The court observes that defendant's motion was filed on April 28, 1997, over six months ago. Defendant has not made out a sufficient showing on this issue to establish that his counsel's conduct was deficient. Even had his attorney presented the testimony of these several witnesses, the court finds that the evidence against defendant at trial was so overwhelming that no reasonable probability exists that the result of the proceeding would have been different.

### 3. *Counsel's failure to cross-examine co-defendants.*

■ Defendant next complains that his attorney was ineffective for failing to cross-examine co-defendants William Nelson, Sr., Dana Nelson, and Burlon Davis. According to Mr. Boeding's affidavit, he did not cross-examine them because he did not (and does not) believe any cross-examination of them would have been beneficial in persuading the jury that Damon Joe Nelson was not involved in the conspiracy. Boeding's Affidavit, at 2. Once again, defendant has failed to submit the affidavit of any of these individuals, stating under oath that they would have testified as to defendant's lack of involvement in the drug conspiracy. On the present record, defendant offers nothing more than mere conclusory allegations. A defendant may not prevail on a claim of ineffective assistance based solely on conclusory allegations of ineffective performance. *See Eskridge v. United States,* 443 F.2d 440, 443 (10th Cir.1971). Nor do we find counsel's failure to call these co-defendants as witnesses prejudicial, in light of the overwhelming evidence presented at trial of defendant's participation in the conspiracy.

### 4. *Counsel's failure to file a motion to suppress; failure to thoroughly cross-examine Detective Houze and Sergeant Dick: and failure to request a "voluntariness hearing" pursuant to 18 U.S.C. § 3501.*

Defendant next contends that his counsel was ineffective for failing to file a motion to

suppress the statement defendant made to Detective Houze and Sergeant Dick on February 8, 1989, and for failing to object to its admission at trial, on the grounds that defendant in fact never made the statement attributed to him. Defendant also argues that counsel should have more thoroughly cross-examined Houze and Dick.

Mr. Boeding's affidavit explains the basis underlying his decision not to file a motion to suppress:

I did not see a basis to file a pretrial motion to suppress the statement which Det. Dan Houze and Sgt. Jim Dick said was made by Damon Joe Nelson on February 8, 1989. The defendant was not in custody, and there is nothing to suggest the statement was obtained in violation of his rights. The issue was simply whether he made the statement, which is not something that can be addressed in a suppression motion. Instead, it was a credibility and veracity issue, so I emphasized on cross–examination that Damon Joe Nelson had voluntarily gone to the police station, the officers had not recorded the interview, and Damon Joe Nelson was not given the chance to verify the accuracy of Detective Houze's report of the interview.

Mr. Boeding's Affidavit, at 2–3.

■ While defendant asserts in his brief that "had counsel filed a motion to suppress, there is a fair probability that the motion would have been granted," defendant has offered no evidence or legal argument to support this assertion. The court finds Mr. Boeding correctly assessed the issue as a credibility determination and, at trial, asked questions on cross-examination designed to raise doubts regarding the accuracy of Houze's interview report. Defendant has not made out a sufficient showing on this issue to establish that his counsel's conduct was deficient.

■ In his amended section 2255 motion, defendant asserts that his counsel erred in failing to request a pre-trial hearing to determine the voluntary nature of the alleged confession pursuant to 18 U.S.C. § 3501(a). 18 U.S.C. § 3501(a) provides, in part:

In any criminal prosecution brought by the United States a confession ... shall be admissible in evidence if it is voluntarily

given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

This statutory provision, however, applies only to confessions made during interrogation *following arrest or detention.* See, e.g., *United States v. Stevens,* 83 F.3d 60, 67 (2d Cir.1996) (court held that procedural requirements of 18 U.S.C. § 3501 did not apply where defendant agreed to accompany police to police station to answer some questions, and was not arrested or detained at the time he made incriminating statements to police); *United States v. Valdez,* 16 F.3d 1324, 1332 (2d Cir.1994) (Section 3501 inapplicable because defendant was not under arrest or detention at time statement was made); *United States v. Poschwatta,* 829 F.2d 1477, 1482 (9th Cir.1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988) (because defendant was not under arrest or other detention when he made incriminating statements, district court did not err in failing to conduct a voluntariness hearing)

18 U.S.C. § 3501(d) limits the applicability of the entire statute, stating that:

Nothing contained in this section shall bar the admission in evidence of any confession made ... at any time at which the person who made or gave such confession *was not under arrest or other detention.*

■ Defendant has made absolutely no showing that he was arrested or detained at the time he made the incriminating statements. Nor has he presented any evidence to suggest that he was not free to leave, or that he had indicated any desire to leave. A person is not in custody merely because the questioning occurs at a police station. *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983). Thus, we find that the statutory provision on which defendant relies does not apply.

Based upon the foregoing, the court concludes that Mr. Boeding's performance was not deficient for failing to request a voluntariness hearing pursuant to 18 U.S.C. § 3501(a).

Finally, defendant maintains that the cumulative effect of the "multiple and egregious errors" substantially prejudiced his case, and denied him effective assistance of counsel. Because the court has determined earlier in this opinion that defendant has failed to establish his counsel's representation was deficient in any respect, we are unable to conclude that the cumulative effect of the alleged errors was prejudicial to his defense.

■ The court concludes that, for all the reasons discussed, the files and records in this case conclusively show that defendant is entitled to no relief. Therefore, an evidentiary hearing is not necessary. No hearing is required in a section 2255 proceeding if the factual matters raised by the motion may be resolved on the record before the district court. *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir.1988). Furthermore, in light of our present ruling, we conclude that defendant's motion for discovery (Doc. # 474)[1] and motion for appointment of counsel (Doc. # 446) are moot.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence (Doc. # 445) is denied.

IT IS FURTHER ORDERED that defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 469) is denied.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel (Doc. # 446) and his motion for discovery (Doc. # 474) are denied as moot.

---

1. In his motion for discovery, defendant seeks copies of: the pre-interrogation form signed by defendant on February 8, 1989 and admitted as evidence at trial as Exhibit # 37; Detective Houze's interview report containing defendant's statements; and any other reports containing incriminating statements of defendant or his co-defendants.