**UNITED STATES of America ex rel. Albert R. HOUSE, Relator, Appellant,**

**v.**

**Edwin L. SWOPE, Warden, United States Penitentiary, Alcatraz, California, Appellee.**

**No. 15085.**

United States Court of Appeals Fifth Circuit.

April 20, 1956.

---

**854**

Albert R. House, in pro. per.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

■ The Supreme Court vacated our former judgment [1] and remanded the case to this Court "for consideration in light of new information." [2] Surmising, as best we can, the basis for the Supreme Court's judgment, we apprehend that, in its opinion, appellant's original motion [3] brought his case within the ruling of Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791,[4] and that the judgment of conviction is subject to collateral attack on the grounds charged in the motion, in effect, that it was procured because appellant's codefendant Henderson [5] was coerced by a Government agent to testify falsely against him and his codefendant Lassiter was so coerced not to testify in his behalf. Now the Government furnishes us several affidavits to refute such charges. We think, however, that these issues thus raised cannot be disposed of on ex parte affidavits, but appellant is entitled to a hearing and to an opportunity to prove the facts alleged.[6]

Accordingly, the judgment of the district court is reversed and the case remanded for a hearing under Section 2255.

Reversed and remanded.

---

1. *United States ex rel. House v. Swope,* 5 Cir., 219 F.2d 538.

2. House v. Swope, 350 U.S. 945, 76 S.Ct. 324.

3. Under 28 U.S.C.A. § 2255.

4. See also, Price v. Johnston, 334 U.S. 266, 287, 68 S.Ct. 1049, 92 L.Ed. 1356; United States v. Throckmorton, 98 U.S. 61, 65, 66, 25 L.Ed. 93.

5. The Government's brief says that the Henderson referred to was the father of the codefendant. If so, that does not change the result of the present appeal.

6. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Smith v. United States, 5 Cir., 223 F.2d 750.