James Robert **PALMER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 5670.

United States Court of Appeals
Tenth Circuit.

Oct. 8, 1957.

Marcia Toll, Denver, Colo., for appellant.

John S. Pfeiffer, Asst. U. S. Atty., for the District of Colorado, Denver, Colo. (Donald E. Kelley, U. S. Atty., for the District of Colorado, Denver, Colo., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion by petitioner to vacate, set aside or correct sentence pursuant to 28 U.S.C.A. § 2255.

■ Petitioner is incarcerated pursuant to sentence imposed after conviction by a jury of violations of 18 U.S.C.A. § 1341 and 15 U.S.C.A. § 77q(a) (1). The judgment of conviction was appealed to and affirmed by this Court, Palmer v. United States, 10 Cir., 229 F.2d 861, certiorari denied 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861. Many of petitioner's present contentions attack the sufficiency of the evidence to sustain his conviction and were urged and rejected upon appeal. Such matters cannot be reconsidered by motion made under Sec. 2255.

■ The instant motion is the second of such motions filed by petitioner, opportunity having been granted him by the trial court to support by allegation of fact certain bald conclusions alleged in his original motion. Although no right exists to be heard upon successive motions filed under Sec. 2255, we have indicated our approval of the discretionary action of a trial court in considering a second motion when the original motion is denied for faulty pleading and a possibility exists that a legally sufficient motion may raise issues of merit. Stephens v. United States, 10 Cir., 246 F.2d 607. The possibility here existed but has been dispelled by the allegations of petitioner's present motion.

■■ Petitioner asserts that he was convicted upon "framed testimony" but his supporting allegations are but an attack upon the trustworthiness and admissibility of an exhibit at his trial. This matter was considered on appeal. Palmer v. United States, supra. He alleges that his record on appeal was based upon a "forged and altered" transcript but the "altered" transcript consists of the correction of an error made by the clerk which in no way affected the merits of petitioner's cause. The original records showed that petitioner was arraigned March 24, 1954, before Judge Jean S. Breitenstein.[1] In fact the arraignment was before Judge Lee Knous. The "altered" transcript is but a correction of this clerical error.

■■ Petitioner's other contentions are likewise without merit. He asserts that he was forced to trial in a judicial district other than the one in which the offenses were alleged to have been committed. He was tried in Denver, Colorado, for offenses committed at Pueblo, Colorado. The State of Colorado is but a single judicial district, 28 U.S.C.A. § 85. Petitioner further asserts he was denied due process because he was arraigned before one judge and tried before another. Such procedure is neither unlawful nor unusual and is authorized under the provisions of 28 U.S.C.A. § 137.

■ Petitioner also contends that the trial court was disqualified pursuant to 28 U.S.C.A. § 144 from consideration of the instant motion by reason of the allegations contained in an affidavit of bias and prejudice filed by petitioner simultaneously with his motion under Sec. 2255. The allegations contained in petitioner's affidavit are but complaint of adverse rulings made by the court and subjective conclusions as to the court's motives and manner in conducting the trial and subsequent proceedings. Such claims do not meet the requirements of 28 U.S.C.A. § 144. See Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Scott v. Beams, 10 Cir., 122 F.2d 777; Calvaresi v. United States, 10 Cir., 216 F.2d 891; Inland Freight Lines v. United States, 10 Cir., 202 F.2d 169.

The judgment is affirmed.

---

1. On March 24, 1954, Judge Breitenstein was not a member of the federal judiciary. He presided at petitioner's trial after appointment as United States District Judge. He is now a member of the Court of Appeals.