**William Henry GRIMES, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 21659.**

United States Court of Appeals
Ninth Circuit.

June 6, 1968.

**332**

William Henry Grimes, in pro. per.

William M. Byrne, Jr., U. S. Atty., Jules D. Barnett, Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Craig Jorgensen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and BELLONI,* District Judge.

BARNES, Circuit Judge:

This appeal was noticed to be heard on January 18, 1968. On that date it was ordered to be submitted when the Reporter's Transcript of testimony given at the trial had been filed. That transcript has now been filed.

Appellant was convicted by a jury on two counts of bank robbery. 18 U.S.C. §§ 3, 2113(a) (1964). No appeal was taken from his ten- and twenty-year concurrent sentences.

Over sixteen months later appellant, in propria persona, moved to vacate his conviction under 28 U.S.C. § 2255 (1964), charging (insofar as is relevant here) (1) that he had be n convicted on the perjured testimony of his codefendant O'Day which had been knowingly used by the United States Attorney who prosecuted him; and (2) that his confession, which had been introduced against him, had been involuntarily given.

Appellant later charged that the trial judge considering his motion was personally biased against him and was required to disqualify himself under 28 U.S.C. § 144 (1964).

We shall first consider the disqualification matter. 28 U.S.C. § 144 reads as follows:

"Bias or prejudice of judge.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a *personal bias or prejudice* either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"*The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." (Emphasis added.)

* Hon. Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

Appellant's affidavit appears on pages 11 and 12 of Volume I of the Record, and shows the following recital of grounds for asserting the existence of personal bias and prejudice:

"(A) That said magistrate has stated in open court that all defendants accused of bank robbery are 'headed for big trouble' in his courtroom, and petitioner has been advised that said magistrate is highly prejudiced against all defendants suspected of offenses against the banking institutions, and is particularly prejudiced against the petitioner herein, WILLIAM HENRY GRIMES;

"(B) That said magistrate, defendant has been informed, is biased and prejudiced against all Negroes in general and against petitioner WILLIAM HENRY GRIMES (a Negro) in particular."

■ Without reference to the requirement of a "good faith certificate of counsel of record," we note that both the appellant and the Government rely principally on the case of Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, a 1921 case. We likewise note that the statute states the affidavit must be "sufficient," and "shall state the facts and the reasons for the belief that bias or prejudice exists * * *." Thus a determination of the sufficiency of the facts and reasons given in the sworn statement *must* be made by the judge to whom the affidavit is presented. 255 U.S. at 36, 41 S.Ct. 230.

The Court in *Berger* emphasized that "the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." 255 U.S. at 33–34, 41 S.Ct. at 233.

The affidavit there in question (as it was recited, in shortened form, by the Court) contained over two pages of facts concerning, and statements allegedly made by, Judge Kenesaw Mountain Landis, which facts were "not frivolous or fanciful, but substantial and formidable," and had a genuine "relation to the attitude of Judge Landis' mind toward defendants." 255 U.S. at 34, 41 S.Ct. at 233. Its assertions had "definite time and place and character," the information "was of a definite incident, and its time and place were given."

■ It is obvious that the essential aspects of *Berger*, made requisite by that opinion, do not here exist. Detail of "definite time and place and character" are an absolute necessity to prevent the abusive use of the statute.[1]

■ We conclude the trial judge properly ruled that no facts are asserted from which a reasonable mind may fairly infer personal bias or prejudice against appellant. See Lyons v. United States, 325 F.2d 370 (9th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); Willenbring v. United States, 306 F.2d 944 (9th Cir. 1962).

■ With respect to the merits of the district court's ruling on his petition, appellant urges first that that court improperly refused to grant him an evidentiary hearing in regard to the admissibility of his confession and the alleged knowing use of perjured testimony.

The voluntariness of appellant's confession was considered thoroughly at the original trial, outside the presence of the jury, and with counsel representing appellant present. R.T. 152–181. The jury was carefully and fully instructed on this issue. R.T. 334. Thus appellant in fact received an evidentiary hearing on this issue. The jury found appellant guilty, and he took no direct appeal from his conviction. Consequently the rule is applicable that section 2255 "may not be invoked to relitigate questions which were or should have been raised on a direct appeal from [a] judgment of con-

1. The court noted that the definite statement of facts required can only be used abusively "by making a false affidavit; and a charge of and the penalties of perjury restrain from that * * *." 255 U.S. at 35, 41 S.Ct. at 234.

viction." United States v. Marchese, 341 F.2d 782, 789 (9th Cir.), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965); Dodd v. United States, 321 F.2d 240 (9th Cir. 1963); Nash v. United States, 342 F.2d 366 (5th Cir. 1965). Appellant's failure to appeal his conviction seems by his own showing to have been a calculated decision made by his attorney, and known to him, and hence is binding upon him. See Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Dodd v. United States, 321 F.2d 240, 245–246 (9th Cir. 1963). (That fact also disposes entirely of appellant's belated [2] contention that his right to appeal was frustrated.)

■ The charge of the knowing use of perjured testimony rests on the assertions made by appellant's codefendant, Albert O'Day (who entered a plea of guilty to one count and received a fifteen year sentence after reluctantly testifying for the Government). We refer to the discussion of facts and the ruling of the trial judge on this issue, as they appear in the trial court's order filed December 16, 1966, C.T. 35–36:

"In support of his allegation that perjured testimony was knowingly used by the Assistant United States Attorney, Kevin O'Connell, petitioner has submitted the 'deposition' of Albert O'Day, the party by whom the perjury was allegedly committed. The affidavit states that O'Day was pressured into testifying for the United States by F.B.I. agents and by Assistant United States Attorney O'Connell. They assertedly promised immunity in return for O'Day's testifying. The relevant testimony is as follows:

'Question: In regard to your testimony before the jury, was it the Gospel truth?

'Answer: Not exactly. I added a little yeast into it, to help the prosecutor along as much as I could. For awhile it looked like the U. S. Attorney was losing the case, so I took the witness stand and patched up a pretty good story as we went along.

'Question: Did the U. S. Attorney know you were not telling the truth?

'Answer: I think so. * * *'

"Assistant United States Attorney O'Connell has submitted an affidavit which states, under oath, that no promises of immunity were made to O'Day, nor were any threats made by him to O'Day. In addition, the affidavit also states under oath that O'Connell at no time believed Albert O'Day's testimony concerning petitioner's participation in the robberies to be perjurious.

"This court recognizes that the affidavit of the Assistant United States Attorney does not obviate the necessity of granting a hearing with respect to this contention on the part of petitioner. ([United States ex rel.] House v. Swope (5 Cir.), 232 F.(2d) 853.)

"However, in Marcella v. United States (9 Cir.), 344 F.2d 876, 382 U.S. 1016 [86 S.Ct. 630, 15 L.Ed.2d 531] cert. den., the court set forth three requisites which must be shown in order to vacate a sentence on the ground of perjured testimony:

'* * * the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured[.] * * * In addition, the perjured testimony said to have been knowingly used must be particularized definitely.' (p. 880.)

"The allegations of the petition with respect to this issue are vague and conclusionary and the 'deposition' in support thereof does not particularize the testimony which it is claimed was perjurious, nor does petitioner set

---

2. That contention was not made below, and is therefore not properly raised here. See Rivera v. United States, 318 F.2d 606, 608 n. 4 (9th Cir. 1963); Smith v. United States, 287 F.2d 270, 273 (9th Cir. 1961), cert. denied, 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856 (1961); Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963).

forth in what way such testimony was material or relevant.

"Now, therefore, IT IS ORDERED, that the motion of petitioner pursuant to Section 2255, Title 28, United States Code, is denied."

We concur in and approve the trial court's ruling on this issue. See Taylor v. United States, 229 F.2d 826 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 10 L.Ed. 1500 (1956). We at the same time note that the trial court "invited" the appellant to amend his petition so as "to set forth specifically the alleged perjurious testimony which he claims was used against him," and to "obtain and file additional affidavits specifically setting forth the claimed perjured testimony." C.T. 36. The court granted him sixty days time in which to amend. This the appellant saw fit not to do, but rather appealed to us the court's ruling on his original motion.

Affirmed.