**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Oscar ROCA-ALVAREZ, Defendant-
Appellant.**

**No. 30554.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1971.

Shaya Estrumsa, Miami, Fla. (court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

A jury convicted Alvarez under two counts of conspiracy to violate narcotics statutes.[1] Alvarez seeks a reversal of

---

1. 21 U.S.C.A. §§ 173–174, repealed by Pub.L. 91–513, Title III, § 1101(a) (2), Oct. 27, 1970, 84 Stat. 1291 (now codified in 21 U.S.C.A. 801–966), prohibited importing narcotics not in accordance with certain regulations and receiving,

his conviction contending that the trial court erred (1) in denying a motion for a continuance; (2) in denying a motion for disqualification; and (3) in denying a motion for the appointment of a psychiatrist to determine Alvarez' competency to stand trial. We find no error in the denial of a continuance or in the refusal to disqualify but remand the case for a psychiatric examination of Alvarez.

Alvarez was arrested on June 19, 1970, and counsel was appointed five days later. Two weeks after the appointment of counsel Alvarez was indicted. On August 18, 1970, the day of trial, appointed counsel, Carricarte, in the presence of another lawyer, Estrumsa, requested the court to relieve him as

Alvarez' appointed counsel and substitute Estrumsa.[2] Apparently the relationship between Alvarez and Carricarte had deteriorated to the point of animosity and Estrumsa had already familiarized himself with the case.[3] The court approved the substitution.

When the court announced it was ready to hear the case Alvarez' counsel, Estrumsa, informed the court that he would like to pursue some discovery. In a colloquy between Carricarte, Estrumsa and the court it was understood that Brady and Jencks Act information would be made available to defense counsel before trial. A "for the record" motion for a continuance was made by Estrumsa and was denied by the court.[4]

concealing, buying, selling, or in any manner facilitating the transportation, concealment or sale of any such narcotic drug after being imported or brought into the United States contrary to law, or conspiring to commit any of such acts in violation of the laws of the United States. 26 U.S.C.A. §§ 4705(a) and 7237(b), prohibit conspiring to barter, exchange, give away, or transfer narcotic drugs not in pursuance of a written order of the person to whom such narcotic drugs were sold, bartered, exchanged or given, on a form issued in blank for that purpose.

2. [Mr. Carricarte]: Now, I am not intrepid enough, Your Honor, to come here on the morning of trial and attempt to withdraw or make a motion to withdraw, but the point I make to the Court is this:

We were talking to him [Alvarez]. By "we" I mean Mr. Estrumsa, the defendant and myself.

It turns out that Mr. Estrumsa has actually interviewed the defendant more times than I have; that the defendant would in fact prefer Mr. Estrumsa to represent him in the jury trial rather than myself * * *

The Court: Let me ask Mr. Alvarez. Is that what you want sir? * * *

The Defendant: Si, Si.

The Interpreter: He says yes, sir.

The Court: Is the other counsel present?

Mr. Carricarte: This is Mr. Estrumsa, Your Honor.

The Court: Are you prepared to represent him, sir?

Mr. Estrumsa: Yes, Your Honor.

The Court: In that event I will grant your motion to withdraw as counsel,

Mr. Carricarte, and I will appoint counsel [Mr. Estrumsa] in your place to place you.

3. Mr. Carricarte: Your Honor, you might recall in this case I was originally court-appointed by Commissioner Swan at the time of the original Commissioner's hearing.

Subsequently, this gentleman's [Alvarez'] family contacted Mr. Shaya Estrumsa and we had a situation where we came to a motion for bond reduction before Your Honor and both Mr. Estrumsa and I thought we were representing this defendant.

As a result of this confusion, Mr. Estrumsa is thoroughly familiar with the case.

4. Mr. Estrumsa: For the record, Your Honor, I would like to have some sort of discovery. I don't even know what the Government intends to—

The Court: They have had all the discovery any other defendants have been allowed.

Mr. Carricarte: Let me say this, Your Honor: I thought we had resolved that this morning, to the effect that jury selection is going to proceed this morning and then there will be a recess for lunch.

The Court: We will proceed with the jury. If we have it selected, we will adjourn for lunch; if we don't have it selected then we will adjourn for lunch, anyway.

Mr. Carricarte: At which time Mr. Martinez [the prosecutor] will exchange all the discovery that is required under the

Later, when the case was called for trial, counsel moved for an examination and a determination of Alvarez' mental competency on the grounds that Alvarez was making irrational statements and was unable to assist in his defense. The trial court did not rule upon the motion but stated that an order for a psychiatric examination would be entered if it appeared that there was any real question as to Alvarez' competency.

Counsel for Alvarez next called the court's attention to the fact that no other motions had been filed in the case. The court granted Alvarez leave to adopt all of the motions contained in the file which had been made by counsel for the other defendants who had been arraigned with Alvarez on similar charges. The court likewise adopted its prior rulings to the Alvarez motions. Alvarez then specifically requested the trial judge to rule again upon an adopted motion that he disqualify himself.[5] That motion alleged that the court was biased and prejudiced towards the defendant because (1) a United States Attorney remarked to the court at a bond hearing that the defendant was a threat to the community; (2) the defendant's arraignment and hearings on motions and for bond occurred simultaneously with similar proceedings involving twenty-five other defendants; (3) the bond set was grossly excessive; (4) the court's remark that he expected these cases to be in the court of appeals by a certain date; and (5) certain inflammatory matter was believed to have been brought

to the attention of the court. The court again denied the motion.

Alvarez took the stand in his own defense and denied involvement with any plan or scheme involving narcotics. He testified that he thought he was charged with selling narcotics when, in fact, he was charged only with conspiracy. Several times he became excited and was told by the marshal to be seated.

At the conclusion of the trial counsel for Alvarez renewed his motion for a competency hearing. The motion was then denied.

### The Motion for Continuance

Alvarez asserts that the denial of the request for continuance foreclosed his opportunity to confer with his attorney in preparation of a defense, violating his Sixth Amendment right to the effective assistance of counsel, and barred his right to call witnesses in his behalf in violation of the Fifth Amendment.

■ A motion for continuance by counsel for additional time to prepare his case is within the discretion of the trial judge. Ungar v. Sarafite, 1964, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L. Ed.2d 921; Avery v. Alabama, 1940, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377. While we recognize that there may be an abuse of that discretion if inadequate time for preparation has made the appointment of counsel a mere formality, see Avery v. Alabama, *supra*, under the circumstances of this case, we are convinced that there was no such abuse.

---

rules under Brady and under the Jencks Act and under all the different rules available to defense counsel. This was going to be my position. Mr. Estrumsa is going to have the same benefit. This is the discovery we are getting, as is standard in these cases.

The Court: All right. We will be in recess for five minutes.

Mr. Estrumsa: For the record, Your Honor, I would like to make ore tenus a motion for continuance.

The Court: The motion is denied, sir. Court will be in recess for five minutes.

5. Estrumsa and a Mr. Vernell represented Manuel Vigoa, who had been arraigned at the same time as Alvarez on similar charges, and had moved the court to disqualify himself. In that case, United States v. Battle, et al, No. 70–325–Cr–WM (S.D.Fla. Aug. 3, 1970) the court outlined its reasons for denying the motion. The transcript of these proceedings is a part of the record in this case.

Counsel for Alvarez was originally appointed some eight weeks prior to the trial. He and counsel who tried the case appeared jointly before the court on the morning of trial stating that they had discussed the matter between themselves and with Alvarez and that all parties desired the substitution of counsel. Original counsel made it patently clear that he knew the court would not permit him to withdraw on the day of trial and furthermore would not permit the substitution of a counsel who was not knowledgeable about the case and thus force a delay of the trial eight weeks after arraignment. Estrumsa neither said nor did anything to indicate that Carricarte's representation that Estrumsa was more familiar with the case than he was untrue. On the contrary, Estrumsa told the court he was prepared to represent Alvarez and had, in fact, previously represented Alvarez in a bond hearing in the same case.

After an adverse verdict Alvarez now argues that the time for preparation was inadequate because his counsel was appointed at 11:30 A.M. and the trial took place at 1:30 P.M. on the same day. We are not persuaded that the record bears out this post-adverse-verdict argument that counsel was unprepared and had inadequate time to prepare. Such a position would be unassailable had it been made known to the court when representations were made by Carricarte to the contrary. But it comes too late in the day after Estrumsa stood before the bar, listened to Carricarte's representations to the court and then advised the court that he was prepared to defend Alvarez. *See* Lugo v. United States, 9 Cir. 1965, 350 F.2d 858; Bailey v. United States, 9 Cir. 1960, 282 F.2d 421, cert. denied 365 U.S. 828, 81 S.Ct. 713, 5 L. Ed.2d 705; Cf. United States v. Johnson, 5 Cir. 1969, 417 F.2d 332.

Alvarez further argues that the time factor prevented him from calling as witnesses Cabrera, other codefendants named in the Alvarez indictment, a government agent who was the leader of the organized crime section that had gathered evidence in the case, and other unidentified witnesses, all in violation of the Fifth Amendment. The short answer to this is that there is nothing in the record to indicate that Alvarez desired to call these people. There was neither an attempt to subpoena them nor a proffer concerning any relevant favorable testimony sought to be elicited from them. The section leader, according to the government's representations, was a new replacement and was not as familiar with the case as the agent who had previously testified. Absent a proffer by Alvarez that the leader could enlarge upon the evidence already received, the court properly denied Alvarez' motion for a recess or continuance.

The denial of a continuance to obtain witnesses is not an abuse of discretion where diligence has not been exercised to compel their attendance or where there is no adequate showing that substantial favorable evidence would be tendered. United States v. Harris, 9 Cir. 1970, 436 F.2d 775, 776. Alvarez could have but did not issue instanter subpoenas for the attendance of any witnesses. He made no showing as to who they were or why they were needed. We find no abuse of discretion in the court's denial of a continuance for the purpose of securing witnesses. *See* United States v. Long, 5 Cir. 1969, 419 F.2d 91; Jackson v. United States, 5 Cir. 1964, 330 F.2d 445, cert. denied 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32.

*The Disqualification Motion*

Whenever a motion is made under 28 U.S.C.A. § 144 for the disqualification of a judge [6] the court may pass

6. 28 U.S.C.A. § 144 Bias or prejudice of judge.
    Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending

has a personal bias or prejudice * * * against him * * *, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

upon the sufficiency of the affidavit but may not pass upon the truth of the matters alleged. Berger v. United States, 1921, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Action Realty Co. v. Will, 7 Cir. 1970, 427 F.2d 843, 844.

■ We agree with the trial court's conclusion that the allegations of bias and prejudice in the affidavit are insufficient. The fact that a United States attorney remarked at the bond hearing that the accused was a threat to the community is no indication that the judge is biased. *See* United States v. Tropiano, 2 Cir. 1969, 418 F.2d 1069, 1077. Likewise, the judge's statement that he expected to be finished with the cases and that they would all be in the court of appeals by a certain date gives us little pause. As the judge stated, this meant that he expected the cases to be tried by a certain date and that if appeals were taken, whether they be by the defendants or the government, they would all have to be appealed by that date.

■ The fact that Alvarez was a member of a group in several of the pre-trial court proceedings does not indicate judicial prejudice. The conclusion stated in the affidavit that the bond was excessive and ergo the judge was prejudiced is patently without merit. Adverse rulings suffered by a party are no ground for disqualification. Plaquemines Parish School Board v. United States, 5 Cir. 1969, 415 F.2d 817, 825; United States v. Tropiano, *supra.*

■ Finally, the bare allegation that other inflammatory information had come to the judge's attention is far too

general to be the basis for disqualification. The court properly denied the motion albeit on the impermissible ground that the allegation was false. Berger v. United States, *supra.*

### The Motion for a Competency Examination

■ At the outset of the trial, counsel represented to the court that Alvarez was making irrational statements and unable to properly assist in the defense of the case. There is no indication that the request for the competency examination was frivolous or made in bad faith. When a motion for a continuance is made pursuant to 18 U.S.C.A. § 4244 [7] which sets forth reasonable cause to believe that the accused is so insane or mentally incompetent that he cannot understand the charges against him or assist in the preparation of his defense, it is error to deny the continuance and to refuse to have the defendant examined. Lewellyng v. United States, 5 Cir. 1963, 320 F.2d 104, 105; Caster v. United States, 5 Cir. 1963, 319 F.2d 850, 852.

■ Although the court erred in denying the motion, "that does not mean that the defendant is entitled to have his sentence vacated or reversed, for his mental competency is subject to *nunc pro tunc* determination." Lewellyng v. United States, *supra,* 320 F.2d at 106. If Alvarez is found to have been incompetent at the time of his trial the district court must grant him a new trial at such time as he may be found to be competent. If the court reaches a contrary determination, the conviction shall stand affirmed by this court as entered.

Remanded for further proceedings.

---

7. 18 U.S.C.A. § 4244 Mental incompetency after arrest and before trial

Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense, he shall file a motion * * *. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * *