Raymond J. MARTELLI, Plaintiff,

v.

CITY OF SONOMA et al., Defendants.

No. 47578 WTS.

Untied States District Court,
N. D. California.

June 16, 1973.

David Terreo and Grupp & Grupp, San Francisco, Cal., with Leal Grupp appearing, for plaintiff.

O'Connor, Cohn & Dillon, by Duncan Barr, San Francisco, Cal., for defendants.

## ORDER DENYING MOTION TO DISQUALIFY THE TRIAL JUDGE

WOLLENBERG, District Judge.

Counsel for defendants have filed a motion under 28 U.S.C. § 144 requesting that Judge William T. Sweigert disqualify himself from further participation in this matter. Cross motions for summary judgment are currently under submission and the case is set for trial on June 25, 1973.

Defendants' motion is supported by an affidavit of Duncan Barr, an attorney with the law firm of O'Connor, Cohn & Dillon, counsel for defendants. It appears from his affidavit that Mr. Barr has had primary responsibility for the handling of this case for defendants. In addition, Harold H. Cohn, of the same office, has filed a certificate in support of the motion.

On June 5, 1973, Judge Sweigert prepared a statement of referral of the issue to Chief Judge Oliver J. Carter. That statement cites several relevant authorities: United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); Pfizer v. Lord, 456 F.2d 532, 537 (8th Cir. 1972); United States v. Roca-Alvarez, 451 F.2d 843 (9th Cir. 1971). Judge Sweigert further states that "I do not consider myself disqualified in this case but to remove from the record any criticism of my procedure, I am requesting that you, as Chief Judge, pass upon the petition to disqualify." Judge Sweigert's statement is sufficient to end the matter, United States v. Roca-Alvarez, *supra,* but because he has chosen to have defendants' contentions reviewed by another judge,[1] we have examined the affidavit and certificate on file.

Section 144 provides that:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

---

1. Chief Judge Carter, acting as Chairman of the Assignment Committee of this court, assigned the matter to Judge Wollenberg for determination by order of June 13, 1973.

At the outset the Court holds that the affidavit is insufficient on its face without regard to the statements contained therein. The statute is explicit that the affidavit must be filed by a *party* to the action. Nothing in the affidavit indicates that Mr. Barr is a party. To the contrary, it shows that he is counsel for defendants. An affidavit of counsel does not satisfy the statutory requirement. Giebe v. Pence, 431 F.2d 942, 943 (9th Cir. 1970); United States ex rel. Wilson v. Coughlin, 472 F.2d 100, 104 (7th Cir. 1973). The Court does not consider this deficiency to be technical in nature, for the basis for disqualification is a showing that the judge has a personal bias or prejudice against a party or in favor of an adverse party. Nevertheless, the interests of justice are best served in this matter by analyzing the allegations of the affidavit, and comparing them with the controlling legal standard.[2]

The standard of review to be followed in a disqualification motion under § 144 was established in Berger et al. v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). In that case the court was called upon to determine whether an affidavit filed pursuant to § 21 of the Judicial Code was sufficient to require disqualification of the judge in criminal cases under the Espionage Act, c. 30, 40 Stat. 217.

■ The court held that the challenged judge has jurisdiction to review the legal sufficiency of the statements made in the affidavit, but not to pass upon the truth or falsity of those statements. Despite a vigorous dissent, the court held that an affidavit based upon information and belief may satisfy the statute "if it show the objectionable inclination or disposition of the judge . . ." 255 U.S. at 35, 41 S.Ct. at 233. The judge is not empowered to pass upon the truth of the facts alleged,

(255 U.S. at 36, 41 S.Ct. 230), even though the record may show, and the judge may have personal knowledge, that the allegations are false. *See* Hodgson v. Liquor Salesmen's Union Local No. 2 of the State of New York Distillery, Rectifying, Wine & Allied Workers' International Union of America, 444 F.2d 1344, 1348 (2d Cir. 1971).

■■ In order to be legally sufficient the allegations, taken as true, must contain information that is definite as to time and place. 255 U.S. at 34, 41 S. Ct. 230. The "reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." 255 U.S. at 33–34, 41 S.Ct. at 233. *See* Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968); *but see* "Note, Disqualification of Judges for Bias in Federal Courts," 79 Harv.L.Rev. 1435, 1446–7 (1966). Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., *supra*, 384 U.S. at 583, 86 S.Ct. at 1710. Rulings adverse to the litigant are not sufficient. Palmer v. United States, 249 F.2d 8 (10th Cir. 1957), cert. denied 356 U.S. 914, 78 S.Ct. 673, 2 L.Ed.2d 587 (1958). With these standards in mind, we turn to the allegations of the affidavit.[3]

■ The first allegation is that in the months following entry of a dismissal for lack of prosecution by Judge Harris in September, 1970, Judge Sweigert met with plaintiff and his counsel. Defendants and their attorneys were not notified of the meeting, were not present, and do not know what was said. On February 26, 1971, Judge

---

2. The Court also has reservations as to the timeliness of this motion, which was filed after cross motions for summary judgment were taken under submission.

3. The affidavit and certificate of counsel are attached hereto as Appendices A and B, respectively.

Sweigert vacated the dismissal without opinion.

This allegation does not support a charge of bias. Dismissals for lack of prosecution are not favored by the courts. The Court declines to speculate on Judge Sweigert's reasons for vacating the order of another judge, whose connection with the case is unexplained by the affidavit. But we note that Judge Sweigert's subsequent referral of the matter to a magistrate belies any improper motive. Certainly vacating the dismissal, although á ruling adverse to defendants, was an action well within the Court's discretion, and cannot form the basis for an allegation of bias. *See Grinnell Corp.,* and *Palmer, supra.*

Nor is the alleged meeting of the judge with plaintiff a sufficient indication of bias or prejudice. The affidavit does not state who initiated the meeting, the purpose of the meeting, or the nature of the statements made. Nor does it indicate defendants' source of information about the meeting. Hence this allegation does not give fair support to the charge of bias. *Berger, supra.*

▮ The affidavit next alleges that Judge Sweigert referred the case to a magistrate to determine whether the case should be dismissed for lack of prosecution. The magistrate's findings and recommendation that the case be dismissed were presented to the judge, but he did not dismiss the action, and did not explain why he rejected the magistrate's recommendations.

This allegation is wholly insufficient. "When [a magistrate] returns his report, including his findings and recommendations, the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations." United States ex rel. Henderson v. Brierley, 468 F.2d 1193, 1195 (3d Cir. 1972). Moreover, Judge Sweigert's ruling in refusing to dismiss was obviously a judicial action adverse to defendants. As such, it cannot form the basis for a charge of bias. *Grinnell Corp.,* and *Palmer, supra.*

Defendants further allege that on several occasions when conferences were held in chambers Judge Sweigert refused Mr. Barr's repeated requests to have a reporter present. In so doing, Judge Sweigert allegedly has "continually berated and derided this attorney in sessions off the record. He has become extremely angry. . . . "

▮ Nothing in the affidavit suggests that anything said by Judge Sweigert directly concerned the merits of the litigation. His anger at counsel is legally insufficient to show a predisposition in favor of plaintiff. Nor is the judge's decision to have conferences unrecorded, although counsel for defendant repeatedly requested a reporter, an indication of Judge Sweigert's feelings about the merits of the case. Counsel was present at these conferences, yet he fails to allege *any* specific statements by Judge Sweigert which might suggest bias or prejudice. The conclusory allegations that in the affiant's opinion off the record remarks "have evidenced a total unwillingness to review this particular lawsuit with impartiality" and that the Court "has predetermined and made up its mind as to the outcome of this case" cannot substitute for specific factual allegations. They do not add anything which affirmatively shows bias or prejudice, and are insufficient under *Berger,* as well as the more recent decisions.

▮ The affidavit further alleges that defendants filed a motion for summary judgment on January 22, 1973. On February 12, 1973, defendants appeared to argue their motion, but plaintiff's attorneys had filed no response. The judge did not rule on the motion, but set a trial date for April 16, 1973. When counsel returned to court on April 16th, Judge Sweigert did not rule on the motion, but instead recommended to plaintiff's attorney that a cross motion for summary judgment be filed. From this action, Mr. Barr asserts that "the judge has continually evidenced a will-

ingness in this case to allow plaintiff every opportunity, however dilatory he may be, to prevail in this lawsuit."

The Court notes at the outset that the conduct alleged above does not suggest anything like the conduct and suggestions found legally insufficient in Pfizer Inc. et al. v. Lord, 456 F.2d 532 (8th Cir. 1972). Defendants had already filed a motion for summary judgment, thus indicating their belief that no material issues of fact were in dispute. A suggestion that plaintiff file a similar motion shows nothing more or less than the judge's wish to have the case finally decided on the merits as quickly as possible. Without doubt this suggestion is legally insufficient to show bias or prejudice.

▉ Finally, Mr. Barr alleges that Judge Sweigert has repeatedly permitted plaintiff to circumvent the rules of procedure by permitting late filings and delaying the trial date. Control of a court's calendar, and the level of compliance a judge demands of attorneys practicing before him, are matters singularly within the discretion of each individual judge. Mr. Barr does not allege that Judge Sweigert denied defendants any of the leniency he showed plaintiff. Hence, the Court cannot infer that the conduct alleged above was motivated by a desire to see plaintiff prevail on the merits; at best the Court can infer that the judge believed a ruling on the merits is appropriate.

Taking all of the allegations of the affidavit as a whole, the Court finds that the conduct alleged therein is legally insufficient to show bias or prejudice. The allegations offered to show bias and prejudice are wholly conclusory. No specific facts or circumstances are given to support them. The allegations which are concrete refer to actions that were well within the Court's discretion, although adverse to defendants. The motion to disqualify Judge Sweigert is, accordingly, denied.

APPENDIX A

AFFIDAVIT OF DUNCAN BARR IN SUPPORT OF MOTION UNDER TITLE 28, SECTION 144, UNITED STATES CODE OF THE JUDICIARY AND JUDICIAL PROCEDURE

Duncan Barr being first duly sworn deposes and says:

The defendants in this case request that Judge William T. Sweigert remove himself or be relieved from hearing any further matters or from trying the above entitled lawsuit. In the opinion of the defendants, Judge Sweigert has demonstrated a personal bias and prejudice against defendants and in favor of plaintiff. This has mainfested itself in several ways; however, it was not until an *unreported* hearing in his chambers on April 16, 1973, that defendants became aware of the necessity to make this motion in order to preserve the defendants' rights and assure a fair and just trial.

The record in this case reflects that the complaint alleging several violations of plaintiff's civil rights was filed in May of 1966. From May of 1966 to July of 1969, an answer was filed and discovery was conducted. In July of 1969, Judge Albert Harris granted a request by plaintiff's attorneys to be relieved as counsel for plaintiff on the grounds that the plaintiff did not cooperate with counsel and did not follow the advice of counsel. There was apparently no further action taken by either party until September of 1970.

In September of 1970, the case came on the regular dismissal calendar and was dismissed for lack of prosecution. (At this time the case had been pending for over four years.)

Sometime between September of 1970 and February 26, 1971, the Honorable William T. Sweigert met with plaintiff's counsel and with plaintiff. At no time were defendants or their attorneys notified of this meeting and they were not present. There is no record of this

meeting and it is unknown what conversations were had between the judge, plaintiff and plaintiff's counsel.

On February 26, 1971, the order dismissing the case that had been issued by Judge Harris and entered in September of 1970 was vacated and set aside by Judge Sweigert. There is no record as to why this order was made by Judge Sweigert and there is no record as to the reasons Judge Sweigert set aside the order of Judge Harris.

Subsequent to Judge Sweigert revoking the order of Judge Harris, plaintiff designated himself as attorney of record in July of 1971. The next activity of any kind occurred on May 20, 1972, when it came upon the Court's dismissal calendar. In March of 1972, Judge Sweigert ordered the action to be transferred to the pretrial list and ordered Mr. Martelli to obtain counsel.

On April 18, 1972, the Honorable William T. Sweigert issued an order of reference to magistrate David Urdan requesting that the magistrate hear arguments as to whether or not the case should be dismissed for lack of prosecution.

A hearing was held in the courtroom of Magistrate Urdan on May 31, 1972 pursuant to Judge Sweigert's order. Testimony was presented by both sides, arguments of counsel were heard and statements were made directly by the plaintiff. On June 5, 1972, Magistrate Urdan issued findings and recommendations that the case be dismissed for lack of prosecution.

Subsequent to the issuance of this recommendation of dismissal by Magistrate Urdan, plaintiff's attorneys then made a motion for a hearing de novo prior to findings of fact or judgment of law that this case be dismissed. On October 6, 1972, the Honorable William T. Sweigert summarily rejected the findings of Magistrate Urdan without issuing any findings of fact or conclusions of law for such rejection. No testimony was heard at the hearing held on October 6th and no arguments were made by either counsel. The record is void and the reasons are unknown as to why Judge Sweigert rejected the findings of Magistrate Urdan, who was the only person who had thus far listened to both argument and testimony on the matter.

The case was returned to the trial calendar and trial preparations were made. Interrogatories were sent to plaintiff by defendants and a great many depositions were taken, in the case.

In December of 1972 and February of 1973, defendants appeared, ready to go to trial, in the courtroom of the Honorable William T. Sweigert. Conferences were held in chambers without a reporter present. Defendants requested a reporter and this request was denied by Judge Sweigert. No records exist of the conversations in chambers due to this refusal.

On January 22, 1973, a motion was filed by defendants for summary judgment. Affidavits were also filed. Defendants appeared on February 12, 1973 to argue the motion and at that time plaintiff's attorneys had filed no responding brief. The court allowed plaintiff's counsel to circumvent the Federal Rules and file responding papers on the very date that the motion was set to be heard. The judge did not rule on defendants' motion but set a trial date for April 16, 1973.

On April 16, 1973, attorneys for plaintiff and defendants appeared in the courtroom of the Honorable William T. Sweigert expecting a ruling on defendants' motion for summary judgment. At that time a conference was held in chambers of the Honorable William T. Sweigert. Several times during this conference it was requested by Duncan Barr, attorney for defendants, that a reporter be brought into chambers to preserve the record. At this time, counsel for defendants felt the Honorable William T. Sweigert was making statements that were prejudicial to the interests of the defendants. Each time a request for a reporter was made it was denied by the judge.

Judge Sweigert, on April 16, 1973, did not rule on defendants' motion for summary judgment. Instead, in chambers, off the record he recommended to plaintiff that plaintiff file a motion for summary judgment. Plaintiff had not done so prior to this appearance on April 16, 1973 and there was no indication that plaintiff had ever planned on filing a motion for summary judgment until Judge Sweigert recommended that he do so.

Throughout the hearing in the chambers of the Honorable William T. Sweigert held on April 16, 1973, it was felt by the defendants that his Honor was prejudicing any possibility of defendants receiving a fair and impartial trial. It was continually requested by defendants' attorney that a reporter be brought into chambers so that the entire record would be preserved for appeal. This was refused not only on this occasion when counsel met in the chambers of the judge, but as has been noted, on previous occasions.

The judge has continually evidenced a willingness in this case to allow plaintiff every opportunity, however dilatory he may be, to prevail in this lawsuit. The case is now approximately seven years old and a trial date has not yet been set.

Plaintiff's attorneys have indicated upon the urging of Judge Sweigert, that they plan to file a motion for summary judgment. The court had delayed the start of the trial so that plaintiff might file this very motion that was suggested by the judge. Said motion will be heard on April 30, 1973.

Thus far in conducting the discovery of the case the defendants have complied with and followed all of the rules set up for Federal practice. However, the plaintiff has been dilatory in answering interrogatories (one set having *never* been answered) and plaintiff failed, on one occasion, to appear for his noticed deposition; other noncompliances have previously been mentioned. The Court has never rebuked or censured plaintiff's attorneys for this.

The plaintiff has failed to cite any authority to the Court in support of their legal position. However, the Court continued the trial date after suggesting that plaintiff file a motion for summary judgment and cite legal authority to his Honor.

In this affiant's opinion the Court has predetermined and made up its mind as to the outcome of this case prior [to] hearing *any* testimony or reviewing any legal authority *supporting* plaintiff's position. Judge Sweigert has continually berated and derided this attorney in sessions off the record. He has become extremely angry when this attorney requested a reporter so that a record could be preserved. Time and time again the Court has interrupted and rejected any request by defense counsel for a reporter. In this attorney's opinion the remarks made off the record by Judge Sweigert have evidenced a total unwillingness to view this particular lawsuit with impartiality.

This motion is made only on the basis that this attorney must protect the rights of his clients in every manner. Certainly Judge Sweigert is held in great esteem and respect both by myself and this law office. However, this particular case, it is felt that the Court cannot be unbiased and impartial.

It is respectfully submitted that for the above entitled reasons defendants cannot receive a fair and impartial trial before Judge William T. Sweigert. It is respectfully requested that the Chief Judge reassign this case or that the Chief Judge determine whether or not Judge Sweigert has evidenced such an overwhelming interest in assuring a recovery by plaintiff that it will be impossible for the defendants to receive a fair trial.

## APPENDIX B

### CERTIFICATE OF HAROLD H. COHN

Harold H. Cohn certifies under penalty of perjury and it is true that:

I am the senior law partner in the law firm of O'Connor, Cohn & Dillon. I am

familiar with all aspects of the above entitled case and have carefully reviewed the proceedings, pleadings and papers that have been filed in this case. It is my opinion after this thorough review that the defendants cannot receive a fair and unbiased and unprejudiced trial in the court of the Honorable William T. Sweigert. This certificate is being filed in accordance with rule in Title 28, Section 144 that indicates that any challenge to a judge must be done in good faith.