931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Nathan RAY, Defendant-Appellant.
 No. 90-5116.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1991.
 
 1
 Before STEPHAN H. ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Louis Nathan Ray appeals from the district court's denial of his motion brought pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 6
 In 1985, Ray was convicted of the following federal charges: 1) conspiring to possess and possessing cocaine with the intent to distribute it, 2) engaging in a continuing criminal enterprise, 3) receiving a firearm as a convicted felon, and 4) filing a fraudulent income tax return. On direct appeal, this court affirmed the convictions. See United States v. Ray, No. 85-2585 (10th Cir. Aug. 27, 1987).
 
 
 7
 Ray now brings this section 2255 motion asserting his counsel was ineffective, thus rendering his sentence and conviction invalid. He argues counsel failed to raise that he was vindictively prosecuted and that his speedy trial rights were abridged. He also contends counsel was ineffective in failing to file certain pretrial motions. Finally, he asserts the district court lacked jurisdiction to prosecute him.
 
 
 8
 In order to prevail on his ineffective assistance of counsel claim, Ray must satisfy the following two-prong test:
 
 
 9
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 10
 Strickland v. Washington, 466 U.S. 668, 687 (1984). In making this showing, a convicted defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. He must also show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In making this showing, however, conclusory allegations regarding counsel's alleged errors are insufficient. See United States v. Mealy, 851 F.2d 890, 908 (7th Cir.1988) (conclusory allegations cannot satisfy prejudice prong of Strickland test). Ray has the burden of identifying both factual and legal support for his claims.
 
 
 11
 As a corollary, to receive the evidentiary hearing which Ray requests, he must do more than make unsupported legal conclusions with no factual support. See Sanders v. United States, 373 U.S. 1, 19 (1963); Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971); see also Hopkinson v. Shillinger, 866 F.2d 1185, 1211 (10th Cir.1989) (in section 2254 proceeding, "conclusory allegations unsupported by specifics are insufficient to require a court to grant an evidentiary hearing"). Instead, he must " 'make specific factual allegations which, if true, would entitle him to relief.' " United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982)). Pursuant to Strickland, this necessarily includes making a factual showing as to how he was prejudiced and, further, that he would have prevailed had counsel raised the arguments.[1]
 
 
 12
 We hold Ray has failed to make the required showing. His conclusory allegations are insufficient to satisfy the Strickland test. He has not alleged specific facts showing how counsel was ineffective. In particular, although he asserts counsel failed to file certain pretrial motions, he has not identified with any particularity what the motions were and, more importantly, why he would have prevailed if they were timely filed. Moreover, he has not alleged sufficient facts or law to support his claims. The exhibits he has attached to his brief do not make a colorable showing that he was prejudiced or that he could prevail on the merits. We agree with the district court that Ray's motion is merely an attempt to "bootstrap" issues not raised on direct appeal. Because Ray has failed to identify which actions of counsel were ineffective and how they prejudiced him, no evidentiary hearing is necessary. See Martinez v. United States, 344 F.2d 325, 326 (10th Cir.1965).
 
 
 13
 We likewise affirm the district court's determination that the charges against Ray were brought properly under federal law. Ray argues that the district lacked jurisdiction because his alleged drug involvement was limited to intrastate activities. He relies on 21 U.S.C. Sec. 903, which states:
 
 
 14
 No provision of this subchapter shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.
 
 
 15
 The language of this statute does not require Congress to relinquish jurisdiction over drug offenses where the state has provided criminal penalties. Cf. United States v. Jones, 527 F.2d 817, 825-28 (D.C.Cir.1975) (federal and local drug penalties may coexist and federal drug laws are not meant to preempt state law). The federal government has specific authorization to bring drug charges pursuant to 21 U.S.C. Sec. 801. Ray's factual assertion that his drug involvement was only intrastate is unavailing.
 
 
 16
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In this regard, we recognize that Ray's pro se pleadings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This "liberal construction" is insufficient, however, if Ray's pleadings are conclusory and fail to allege specific facts to support his motion for relief. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985)