F I L E D
United States Court of Appeals
Tenth Circuit

APR 8 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DIANA G. NELSON,

Defendant-Appellant.

No. 97-3167
(D.C. No. 97-3013-EEO)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this proceeding. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Diana G. Nelson appeals from a district court order denying her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See United States v. Nelson, 966 F. Supp. 1029 (D. Kan. 1997). The motion was filed after the effective date of the Antiterrorism and Effective Death Penalty Act, so the availability of appellate review is conditioned upon issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c). See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), petition for cert. filed, (U.S. Feb. 14, 1998) (No. 97-8055). Because defendant has not made the requisite "substantial showing of the denial of a constitutional right," § 2253(c)(2), we decline to issue the certificate and, accordingly, dismiss the appeal.

Defendant was found guilty at trial on four counts of trafficking in crack cocaine: one count involving a broad conspiracy operated under the control of defendant and her husband, William Nelson, Sr. a/k/a Daniel Nelson; the other three counts reflecting particular instances of possession/distribution within 1000 feet of an elementary school, see 21 U.S.C. § 860 (formerly 21 U.S.C. § 845a). Her conviction and sentence, and those of numerous codefendants, were affirmed on direct appeal. See United States v. Nelson, Nos. 90-3081, 90-3108, 90-3109, 90-3110, 90-3111, 90-3113, 90-3114, and 90-3119, 1991 WL 163061 (10th Cir. Aug. 23, 1991). In January 1997, she filed the instant § 2255 motion, alleging ineffective assistance of counsel in several respects.

The district court thoroughly analyzed and properly rejected defendant's allegations of ineffective assistance. She now focuses on her claim that counsel should have raised a battered woman syndrome (BWS) defense. However, she has not established that she actually suffered from BWS, much less demonstrated that counsel was unreasonable in electing to pursue, with partial success, a simpler and less controversial coercion/duress defense. Upon consideration of the pertinent trial, sentencing, and post-conviction record, we discern no basis for invoking this court's full appellate authority under § 2253(c).

Defendant's application for a certificate of appealability is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge